SMITH v. LAPEER CIRCUIT JUDGE.

CONTEMPT—ATTORNEY AND CLIENT—TRUSTS.
Where attorney disposed of property held in trust for client and refused to account for proceeds, contempt was proper proceeding to enforce payment.

Mandamus by Herbert W. Smith to compel Xenophon A. Boomhower, acting Lapeer circuit judge, to vacate an order adjudging plaintiff in contempt of court. Submitted April 8, 1930. (Calendar No. 34,722.) Writ denied June 2, 1930.

*George W. DesJardins,* for plaintiff.

*Vincent D. Ryan,* for defendant.

McDONALD, J. The plaintiff seeks a writ of mandamus to review contempt proceedings in which an order was entered requiring him to pay Jessie Oviatt the sum of $1,054.07 within ten days and in default thereof to be confined in the Lapeer county jail until payment was made.

Herbert W. Smith, the plaintiff herein, was attorney for Jessie Oviatt in litigation involving certain premises of the value of $1,450. While this relationship existed, the premises were sold on mortgage foreclosure to Smith for $220. After the time for redemption expired, Mrs. Oviatt made a tender to Smith of the amount paid by him on the sale and demanded a deed. He refused. She brought suit. In the circuit court, it was held that he was holding the property as trustee and a conveyance to her was decreed. The decree was affirmed in this court in *Oviatt* v. *Smith,* 226 Mich. 253. Obstacles in the way of enforcing this decree were encountered because of the fact that Mr. Smith sold the premises on land contract to Edward M. Pierson and Caroline Pierson, his wife, and subsequently deeded it to them. Mrs. Oviatt began another suit in which an accounting was had and the amount due from the plaintiff was determined. The contempt proceedings grew out of an attempt to enforce this decree. The decree recites that Mr. Smith "is primarily

liable" to Mrs. Oviatt for the money he had received from the sale to the Piersons in the amount of $916.58, and that she might have execution therefor. The plaintiff bases his defense on this language of the decree, which, he says, provides for the payment of an ordinary debt collectible by execution; and that, therefore, the court was without jurisdiction in the contempt proceedings. We do not agree with this contention. The money he received from the Piersons was from the sale of trust property. He received it as trustee for Mrs. Oviatt. It constitutes a special fund in his hands belonging to her. A writ of execution is not the appropriate remedy for its collection and does not preclude proceedings for contempt. The question is ruled by *Carnahan* v. *Carnahan*, 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53), in which this court said:

"This is not a decree for the payment of money in the ordinary sense. It is not subject to the exemption law. The decree requires delivery of the specific thing—*i. e.*, the fund—in contradistinction to the payment of a debt, and a writ of execution is not appropriate in such a case."

In disposing of the instant case, the trial court said:

"The question that occurs to the court in this matter is this: Can defendant, Smith, after the decision is rendered by Judge Gillespie finding Mr. Smith to be a trustee holding certain lands for the benefit of plaintiff, Oviatt, so manipulate the transaction as to evade that trust? Regardless of the fact that a second suit was brought and a decree was obtained in that case, the fact still remains that the decision in *Oviatt* v. *Smith,* in 226 Mich., makes the defendant a trustee holding the lands for the use and benefit of the plaintiff which he, defendant

Smith, afterwards deeded away. Can the juggling of this land avoid the trust? The court is of the opinion that it cannot."

We agree with the conclusion reached by the trial court. The writ of mandamus is denied, with costs against the plaintiff.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.