HENRIETTA A. CASWELL *et al. vs.* LILLIAN M. BATHRICK *et al.*

DECEMBER 1, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This cause is before us on the appeal of the respondents from a decree of the Superior Court adjudging them in contempt for failure to comply with a final decree entered against them in this cause on December 26, 1931, and also on their appeal from a subsequent decree ordering them to furnish a bond pending their appeal in the contempt proceedings.

At the close of the hearing of this cause on the merits a decree was entered declaring that certain funds, which the respondent Lillian Bathrick had withdrawn both before and after the decease of her mother, Marie P. Desrosiers, from joint bank accounts in their two names, were held by the respondents as constructive trustees for the benefit of the creditors and legatees of the estate of the mother, who was also the mother of complainant Henrietta Caswell. This decree directed respondents to pay to themselves as execu-

tors of said estate the sum of $10,156 with interest and to file an amended inventory showing the possession of such funds by them as such executors. An appeal from this decree was denied and the decree affirmed by this court in an opinion reported in 53 R. I. 114. Respondents failed to comply with said decree and a petition was filed for citation to respondents to show cause why they should not be adjudged in contempt. After a hearing thereon, the Superior Court entered a decree adjudging the respondents in contempt.

The respondents base their appeal from this decree on the ground that in the absence of a statutory provision to the contrary inability to comply with an order or decree requiring a money payment, due to poverty or insolvency at the time of the entry of the decree or even if occurring later, when not brought about to evade the decree by the fault of the party charged, is a valid excuse from the consequences of contempt. This doctrine does not apply to the facts in the instant cause. At the close of the hearing on the merits the trial justice found in effect that respondent Lillian Bathrick had obtained the funds by fraud, and this court sustained such finding. At the hearing of the contempt proceedings the testimony as to the respondents' disposition of the money convinced the trial justice that respondents are still in possession of and wilfully concealing a large part of said funds. He stated that he was "satisfied they either have the money in their possession or have it where they can get hold of it. . . . The court isn't satisfied they have gotten rid of it." He found as a fact that respondents were not unable to pay the sum required.

While it was urged that during the great length of time which elapsed between Mrs. Desrosiers' death and the institution of these proceedings the funds had been expended by respondents in the belief that said funds were their own, the record discloses the fact that in the year 1924, and shortly after the death of Mrs. Desrosiers, the respondents were aware that the other interested parties claimed the funds in

question to be part of the estate, and respondents' act in taking these funds from the bank, where they had been drawing interest, and placing them first in a safety deposit box and later in a bureau drawer indicates not only their knowledge of such claims but also their desire to conceal and retain possession of the funds with utter disregard of the rights of those entitled to them. These facts, in addition to the palpably false testimony of Mrs. Bathrick before the probate court and the Superior Court, furnish ample evidence to support the finding of the trial justice. And it is well settled in this State that a decree for the payment of money may be enforced in chancery proceedings for contempt. *Jastram* v. *McAuslan*, 29 R. I. 390; *Starkweather* v. *Williams*, 31 R. I. 134.

The appeal of the respondents from the decree entered on May 10, 1933, adjudging them in contempt is denied and dismissed and the decree appealed from is affirmed.

The respondents take nothing by their appeal from the decree entered on June 9, 1933, ordering them to give bond, and said appeal is denied and dismissed and the decree affirmed.

The cause is remanded to the Superior Court for further proceedings.

*McGovern & Slattery, Edward Goldberger, Julius Ousley,* for complainants.

*Knauer & Fowler,* for respondents.