JACQUES SCHURRE, Appellant, v. LEON E. BORDEN, Respondent. (Appeal No. 1.) — Order holding plaintiff in contempt for failing to pay ninety-five dollars and forty-two cents to the receiver in an action for an accounting and the dissolution of the partnership affirmed, without costs. If appellant had applied the sums expended for printing the record and briefs to the discharge of his debt, we assume the ninety-five dollars and forty-two cents could have been paid and some balance would have remained in his hands; and the litigation would have been at an end. That would have been a practical solution of the controversy. Lazansky, P. J., Kapper, Hagarty, Carswell and ·Davis, JJ., concur.

JACQUES SCHURRE, Appellant, v. LEON E. BORDEN, Respondent. (Appeal No. 2.) — Order denying motion to retax defendant's bill of costs by striking therefrom the item of forty dollars for " Stenographer's fees." reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted. The purpose for which the minutes were obtained was to aid the respondent in the preparation of a brief before the official referee. The item was not taxable for this purpose. (See *Long Island Contracting & Supply Co.* v. *City of N. Y.*, 142 App. Div. 1; *Ridabock* v. *Metropolitan Elevated R. Co.*, 8 id. 309.) Under section 116 of the Judiciary Law, the referee's copy of the minutes was, in our opinion, available to the respondent for the purpose of preparing his brief. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.