EDWARD POTTER, as Permanent Receiver of the EMERSON-STEUBEN CORPORATION, Its Stock, Property, etc., Respondent, v. EMERSON-STEUBEN CORPORATION and JACK KAUFMAN, Defendants; ISAAC KAUFMAN and SAMUEL KAUFMAN, Aplants.— In an action in the right of the corporate defendant, brought by the plaintiff-respondent as permanent receiver thereof, duly appointed by the judgment in another action, to set aside certain transfers by the corporate defendant in effect to the defendants-appellants as being in fraud of the corporate defendant's creditors, and for an accounting by the defendants-appellants of moneys received by them as a result of such transfers. Order directing the punishment of the defendants-appellants for contempt of court in failing to account and to pay over to plaintiff-respondent, such receiver, the sum of $2,004, with interest thereon from August 18, 1933, together with $136.42, disbursements, all as directed by the judgment in this action, affirmed, with ten dollars costs and disbursements. The plaintiff-respondent was duly appointed sequestration receiver of the defendant corporation in another action brought against it by the executrix of a deceased employee for wages due to him at the time of his death. The trial court in effect found, and properly, that the plaintiff as such receiver was acting as an officer of the court in this action, and that the appealing defendants might be punished for contempt of court under subd. 4 of section 505 of the Civil Practice Act, for failure to pay

money to an officer of the court. The plaintiff is such officer (*Townsend* v. *Oneonta, C. & R. S. R. Co.*, 88 App. Div. 208, 213), and the defendants-appellants may be punished for contempt. Plaintiff, as such receiver, brings this action against former directors and officers for an accounting by them for waste and diversion to themselves of the assets of the corporation. Section 15 of the Stock Corporation Law provides that every person receiving any property of a corporation under such circumstances as are here present shall be bound to account to its creditors, stockholders or other trustees. The defendants-appellants became trustees *ex maleficio* of the money received through their collusive suits. Under such circumstances they may be punished for contempt. (*Gildersleeve* v. *Lester*, 68 Hun, 535; *Schurre* v. *Borden, No. 1*, 242 App. Div. 802.) The claim of the plaintiff-respondent, as receiver, against defendants-appellants under the judgment in this action is not one upon an implied contract for money had and received within the exception of subdivision 4 of section 505 of the Civil Practice Act. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. [See *ante*, p. 834.]