Jack Richard CHRISTIE, Relator,

v.

Hon. Arthur TIPPS et al., Respondents.

No. 3176.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1955.

J. G. Harrell, Hawkins & Dean, Breckenridge, for appellant.

Judge L. H. Welch, Breckenridge, for appellee.

COLLINGS, Justice.

Jack Richard Christie, relator, by this original proceeding, seeks the issuance of a writ of mandamus to require the Honorable Arthur Tipps, the presiding judge, to render and enter judgment on the verdict of the jury in a cause styled Anna Ruth Christie v. Jack Richard Christie, pending in the District Court of Stephens County, Texas.

The suit was brought by Anna Ruth Christie against her husband, Jack Richard Christie, for divorce on the ground of cruel treatment. She alleged and prayed a finding of the court that certain oil and gas leases referred to as the Jeter A and B leases in Shackelford County, Texas, were community property; that such property was acquired by the parties after their marriage with common funds by purchase from F. J. Christie, father of her husband, and not by either of them by gift, devise or descent; that the defendant had at all times represented to the plaintiff that such leases were acquired by purchase for a consideration of $20,000; that prior to the filing and recording of the assignment of said leases, defendant and his father placed on said instruments United States Internal Revenue Stamps in the amount of $22 which indicated and represented a consideration of $20,000. She alleged, in an alternative plea, that if mistaken in her allegation that said leases were acquired by purchase, said leases were assigned by F. J. Christie to the plaintiff and defendant or to the defendant, Jack Richard Christie, as a joint and community gift.

The case was tried before a jury which, after deliberation announced in open court that a verdict had been reached. The court, upon examination of the verdict, found that the jury had made the following answers to special issues No. 3 and No. 6:

"Do you find from a preponderance of the evidence that the Jeter A and B leases involved in this suit were conveyed to J. R. Christie as community property of J. R. Christie and Anna Ruth Christie? Answer: 'It is community property,' or 'It is not community property.' Answer: It is community property."

* * * * * *

"Do you find from a preponderance of the evidence that the assignment of oil leases from F. J. Christie to J. R. Christie, of date August 1, 1949, was a gift, from F. J. Christie to J. R. Christie? Answer: 'It was a gift,' or 'It was not a gift.' Answer: It was a gift."

The court was of the opinion that the answers to special issues No. 3 and No. 6 were in conflict and in a written instruction so advised the jury. The jury was instructed that the court could not accept the verdict as presented; that they should further consider their answers to the issues in an effort to reconcile the conflict. The jury retired for further deliberation and again returned into open court and announced that they were unable to reconcile the conflict. The court thereupon announced that the verdict would be received for whatever it was worth. Such verdict, signed by the foreman of the jury, was at that time, on September 20, 1954, returned and filed by the clerk and the jury was discharged.

Jack Richard Christie made a motion for judgment on the verdict. He urged that the answer to special issue No. 3 should be disregarded and judgment rendered for him on the remaining findings of the jury, particularly the finding in answer to special issue No. 6 to the effect that the leases in question were conveyed to him as a gift

from his father, F. J. Christie. An order was entered decreeing that the motion for judgment on the verdict and notwithstanding the answers to special issue No. 3 be overruled and that the verdict of the jury be set aside on account of the conflict and that the case stand on the docket for another trial. Jack Richard Christie then brought this original proceeding for mandamus to require the rendition and entry of judgment in his favor.

■ This is a divorce suit. The power of the court to determine the property rights of the parties depends upon the granting of a divorce. 15 Tex.Jur. 582. Relator, in urging this mandamus for a judgment that the property in question is his separate property is, therefore, also in the position of requesting that the trial court be required to enter judgment for his wife and against him for a divorce. We question Relator's right to a writ of mandamus to require the rendition of a judgment against him on the divorce action, which in this case is a prerequisite to the power of the trial court to enter any judgment determining the property rights of the parties. We do not pass on the matter, however, because we are of the opinion that the court correctly found that there was a material conflict between the findings in special issue No. 3 and special issue No. 6, and that no judgment could be rendered on either.

■ Relator contends that the answer to special issue No. 3 to the effect that the Jeter A and B leases are community property constitutes a general finding which cannot stand against the specific finding in answer to special issue No. 6 that the assignment of the leases by F. J. Christie was a gift to Jack Richard Christie. In our opinion, the answer to special issue No. 3 is not the type of general finding which may be disregarded when it is in conflict with a specific finding of fact. The case of Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175, 177, demonstrates the controlling consideration in such cases. In that case the jury found specific facts showing that the construction and operation of a sewerage system was a nuisance, but answered another special issue to the effect that the jury did not believe the construction and operation of the plant constituted a nuisance. The court, in holding that the latter finding should be ignored, stated that "It was not a finding of fact, but an expression of opinion on the legal effect of the facts found" and noted that the definition of nuisance given by the trial court was too narrow and did not meet the necessities of the situation. In the instant case community property and separate property were defined in the court's charge as follows:

"You are instructed that the term 'Community Property' as used in this charge, shall mean all property acquired by either the husband or wife during their marriage, except that which is the separate property of either, and shall be deemed the common property of husband and wife, and all the effects which the husband and wife possess at the time the marriage may be dissolved, shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

"You are instructed that the term 'Separate Property' as used in this charge means all property, either of the husband or the wife, both real and personal, owned or claimed by either of the parties before marriage, as well as all property thereafter acquired by such party, by gift."

The jury was instructed, in effect, that community property does not include separate property and that all property acquired by gift by husband or wife is the separate property of such party. The finding of the jury that the leases in question are community property as defined in the court's charge is, therefore, not a mere expression of opinion as to the legal effect of the facts as was the case in Brewster v. City of Forney, supra. In view of the

definitions given the answer to special issue No. 3 necessarily includes a finding of fact that the assignment of the leases to Jack Richard Christie was not a gift. This is not an immaterial finding that may be disregarded.

 Relator Jack Richard Christie further urges that the answer to special issue No. 3 finding the leases in question to be community property is not in conflict with the finding in answer to special issue No. 6 that the assignment of such leases was a gift to him from his father; that is, that it is not a conflict that requires a mistrial or prevents the entry of a judgment on the finding in answer to special issue No. 6. We cannot agree with this contention. The test in such cases has been announced in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991. In that case there was a conflict between a jury finding that a motorist failed to keep a proper lookout for his own safety with appropriate definition of the term "proper lookout" and a finding that such failure to keep a proper lookout was not negligence. There was, however, no finding by the jury on the question of whether the failure of the motorist to keep a proper lookout was a proximate cause of his injuries and resulting damages. In holding that these conflicting findings did not require the judgment in favor of the motorist to be set aside, the court said:

"To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it. * * *

"It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered."

The answer to special issue No. 3, when considered in connection with the court's definitions of community and separate property and with the rest of the verdict, except the answer to special issue No. 6, would, if supported by evidence, require a judgment in favor of Anna Ruth Christie that the leases in question are community property. The answer to special issue No. 6 considered with the rest of the verdict, except special issue No. 3, would require a judgment favorable to relator's contention, that the leases in question are his separate property.

 Appellant contends, however, that the answer to special issue No. 3 is not supported by but is contrary to the evidence. In this connection, it is noted that Anna Ruth Christie, among other things, alleged that the leases in question were community property; that they were acquired and paid for by the joint efforts of the parties during the existence of their marriage relationship; that the leases were conveyed to her husband during the existence of their marriage for a consideration of $20,000.

The evidence shows that on August 1, 1949, during the existence of the marriage relation between the parties, F. J. Christie conveyed the leases to Jack Richard Christie by an assignment which recited a consideration of $1 and other valuable consideration. The assignment was filed for record in the county clerk's office of Shackelford County with documentary stamps thereon indicating a consideration of $20,000.

Anna Ruth Christie testified that about a year before the assignment of the leases to her husband, he, Jack Richard Christie, told her that he was buying the lease from his father for $20,000; that the leases were to be paid for out of oil payments;

that thereafter and prior to the time of the assignment, F. J. Christie recovered approximately $20,000 from the leases; that when the assignment was made Jack Richard Christie told her: "We have the lease now," that "the lease is now paid out and we have the income from it now to live on." After the divorce suit was filed Jack Richard Christie was required to file an inventory of the property belonging to himself and his wife. In such inventory the leases in question were listed as "the property of Jack R. and Anne Christie and no claim was made that they were the separate property of relator. Thereafter, Jack Richard Christie filed pleadings in which such claim was made.

In our opinion, the evidence supports, and is not contrary to, the finding in answer to special issue No. 3 that the leases are community property. In the first place, property acquired during the marriage as this was, is presumed to be community property until the contrary is shown. 23 Tex. Jur. 356. Added to this presumption is the evidence above indicated. Under this condition of the record, the denials by Jack Richard Christie and his father that there was a sale and their testimony that the assignment was actually a gift to relator, does not establish as a matter of law that the assignment was a gift. This testimony, together with the other evidence, does no more than raise a fact issue for determination by the trial court. Van v. Webb, 147 Tex. 299, 215 S.W.2d 151.

The trial court did not err in declaring a mistrial and in refusing to ignore the finding in answer to special issue No. 3 and to render judgment based upon the answer to special issue No. 6. There was an irreconcilable conflict of findings concerning a material fact issue. This prevented the rendition of a judgment upon either of the findings. Siratt v. Worth Construction Company, Tex.Sup., 273 S.W.2d 615; Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; 41 Tex.Jur. 1226.

The application for mandamus is denied.