### EX PARTE JOE DOUGLAS PRICKETT.

No. A-7023. Decided December 31, 1958.
Rehearing overruled February 4, 1959.
(320 S.W. 2d Series 1)

*Richard C. Keene,* of San Antonio, for petitioner.

*Norman, Rounsaville & Hassell* and *James H. Rounsaville,* all of Jacksonville, for respondent.

MR. JUSTICE GARWOOD, delivered the opinion of the Court.

By this original habeas corpus proceeding, relator, Joe Douglas Prickett, whom we have enlarged on bond pending final decision, sought release from the custody of the sheriff of Cherokee County, who was confining him pursuant to a commitment of the District Court of said county for relator's failure to deliver to his divorced wife (or to pay her the value of) certain stock certificates representing forty-odd shares of Humble Oil & Refining Company stock, which the divorce decree had admittedly awarded her in the division of the community estate, although referring to the stock only by the general language "all other community property." The contempt order, for all practical purposes, may be taken as merely one of enforcement of the decreed property division as distinguished from punishment.

Following the divorce decree (entered April 3, 1958) and evidently as a part of the divorce proceeding, relator's divorced wife, by sworn written application of August 4, 1958, prayed the court to enforce her decreed right to the stock by "such special process or writ as may be necessary for the seizure and delivery of such property to the applicant * * * , and if necessary, to enforce its judgment by attachment, fine, or imprisonment, all as provided in Rule No. 308, Vernon's Annotated Texas Rules of Civil Procedure." On the same day the court issued its order, copied in the footnote,[1] in which the relator was directed to show cause on August 23rd as to "why appropriate writ should not be issued for the possession of said stock as well as why such decree should not be enforced by attachment, fine or imprisonment to compel the delivery of such property to Barbara Prickett." Following due service of the last mentioned order and a copy of the wife's application a hearing was held on August 23rd, upon which the court entered its further order, adjudging relator to be in contempt for noncompliance with the divorce decree, ordering him confined to jail, but, by a later provision of the same judgment, suspending his actual confinement for approximately a week's time, within which he was permitted to avoid confinement by delivering the stock or by paying $3,200.00, which was agreed and adjudged to be its

---

"BARBARA PRICKETT
"VS.                            "NO. 20,880
"JOE DOUGLAS PRICKETT

     IN THE DISTRICT COURT OF
     CHEROKEE COUNTY, TEXAS

"On this the 4th day of August, 1958, came on to be considered the affidavit and application of Barbara Prickett seeking appropriate writ for the delivery and possession of 49 shares of Humble Oil & Refining Company stock, Certificates Nos. TO159672 for 2 shares; TO159680 for 27 shares; TO141336 for 7 shares; TO145986 for 3 shares; TO153632 for 10 shares; so as to enforce the judgment of this court in the above entitled and numbered cause whereby such shares of stock became the property of Barbara Prickett; and if necessary, to enforce its judgment by attachment, fine, or imprisonment; and the court being of the opinion that the affidavit states grounds therefor, it is ORDERED that the said Joe Douglas Prickett show cause before this court at the Courthouse in the City of Rusk in the County of Cherokee in the State of Texas on the 23rd day of August, 1958, at 10:00 A.M., in the District Courtroom why appropriate writ should not be issued for the possession of said stock as well as why such decree should not be enforced by attachment, fine, or imprisonment to compel the delivery of such property to Barbara Prickett. It is further ORDERED that scire facias issue commanding that the said Joe Douglas Prickett be summoned to appear at the time and place and to the end above stated and that the same be accompanied by a certified copy of said affidavit and certified copy of this order to be delivered to the said Joe Douglas Prickett together with a copy of such writ of scire facias.
                    J. W. Summers
                    Judge of the District Court of
                    Cherokee County, Texas

value. The relator failing to meet either of these latter conditions, he was confined to jail without further hearing.

As appears from the foregoing, the entire proceeding rested on Rule 308, Texas R. Civ. Proc., which provides:

"The court shall cause its judgments and decrees to be carried into execution; and where the judgment is for personal property, and it is shown by the pleadings and evidence and the verdict, if any, that such property has an especial value to the plaintiff, the court may award a special writ for the seizure and delivery of such property to the plaintiff; and in such case may enforce its judgment by attachment, fine and imprisonment."

Without undertaking to spell out what the term, "especial value to the plaintiff," *does* mean, it obviously does *not* refer to the fact of the financial or economic status of the plaintiff being unusually bad, or her needs being correspondingly pressing (as no doubt they actually were, since she had custody of the two very young children of the marriage). The latter sense is the only sense in which the term "especial value" could have any conceivable connection with the ownership by a person such as Mrs. Prickett of a few shares in a large business corporation, which are regularly traded on a national market. Were there the least doubt about this, it would be dispelled by the terms of of the contempt decree itself, which, with the evident agreement of the wife, gave the relator the option of paying her $3,200.00, which was obviously no more nor less than the ordinary or market value of the stock in terms of money.

The corresponding portion of Rule 308, supra, was, therefore, without application; and accordingly, the court, however understandable its motive to expedite relief for the wife under the circumstances, was without authority to "award a special writ for the * * * delivery of such property to the plaintiff" or to "enforce its judgment by attachment, fine and imprisonment."

The relator is discharged and his sureties released from liability on his bond.

Opinion delivered December 31, 1958.

Rehearing overruled February 4, 1959.