EX PARTE WILLIAM C. PRESTON, JR.

No. A-8372. Decided June 28, 1961
(347 S. W. 2d Series 938)

*Elton M. Hyder,* of Fort Worth, for relator.

*Wade, Callaway, Davis & Marshall,* of Fort Worth, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

Relator, William C. Preston, Jr., applies here for a writ of habeas corpus from an order of confinement entered by the judge of the 153rd District Court of Tarrant County, Texas. The relator's wife filed for divorce and division of the community

property. A temporary order restraining Preston from disposing of any community assets was issued, but prior to the service of this order he had sold certain real estate alleged to belong to the community for the sum of $21,705.58.

After due notice and hearing a temporary injunction was issued by the court on the 2nd day of March, 1961, by the terms of which Preston was restrained from in any manner disposing of any of the community assets and further ordered him to pay into the registry of the court the $21,000.00, the proceeds from the sale of the community property, on or before March 9, 1961, the court having found that Preston had in his possession the $21,000.00, notwithstanding his testimony that he had flushed this entire sum in the form of $100.00 bills down a commode and into the sewer system of the City of Fort Worth.

On the 9th day of March Preston as ordered, appeared before the court and having failed to produce the $21,000.00 or any part thereof, the court entered the following order:

"IT IS THEREFORE ORDERED by the court that the said defendant, William C. Preston, Jr., be and he is hereby held in contempt of court with relation to the matters referred to above, but consideration and determination of what action the court shall take in connection with said contempt is hereby deferred until hearing of this case upon its merits, which hearing is set for April 3, 1961."

On the 17th day of April, 1961, a judgment was entered granting Mrs. Preston a divorce and dividing the community property, awarding to Mrs. Preston certain household and personal property, including an automobile and "the sum of $10,000.00 in cash, which the court hereby ordered the defendant to produce as hereinafter set forth." There was awarded to Preston "all personal property now in his possession except that which is hereinabove awarded to the plaintiff."

As provided in his order of the 9th day of March the court then proceeded to a determination of the punishment to be inflicted upon Preston for his contempt of court in failing to pay over the money into the registry of the court. This order incorporated in the divorce decree reads as follows:

"IT IS FURTHER ORDERED, that the defendant be and he is hereby ordered committed to the Tarrant County

Jail of Tarrant County, Texas, for his failure to comply with the order of this Court heretofore entered that he produce the sum of $21,000.00 before this Court on or before March 9th, 1961, at 10:00 A.M., all as set forth in this Court's judgment of contempt signed and entered by this Court on March 28th, 1961, and to be there held and confined for a period of three full days of twenty-four hours each, and thereafter to be held and confined until he shall have produced and delivered to the Clerk of this Court, for the use and benefit of the plaintiff, the said sum of $10,000.00, whereupon he shall have purged himself of contempt of this Court. The Sheriff or any constable of Tarrant County, Texas, is hereby ordered and directed to seize the person of the said William C. Preston, Jr., and to so hold and confine him in said jail for the periods and time hereinabove set out."

Preston takes the position that the original order directing him to pay the $21,000.00 into the registry of the court is void for the reason that, while conceding that the court has authority to impound property pending final action, he does not have that authority if the property is in the form of money. He makes the distinction between money and all other kinds of property though no authorities are offered for that theory. We think the contention is without merit. We note that in Dyer v. Dyer, Tex. Civ . App., 87 S.W. 2d 489, a divorce suit, the trial judge was held properly to have ordered the husband's employer to retain in its possession a portion of his weekly salary subject to the further orders of the court.

■ Preston further contends that the judgment finding him in contempt and ordering him to be confined until he shall have delivered the sum of $10,000.00 to the Clerk for the use and benefit of his wife is void for two reasons: First, that the only punishment assessed for the failure to pay over the $21,000.00 to the registry of the court is three days in jail and that the three days have been served; that the order to pay over to the Clerk the sum of $10,000.00 is separate and independent from the original order to pay over $21,000.00; secondly, that the award of $10,000.00 to the wife constitutes a debt that cannot be collected by contempt proceedings for this would constitute imprisonment for debt in violation of Art. 1, § 18 of the Texas Constitution. We disagree with both of these contentions.

The only purpose in ordering Preston originally to pay over the $21,000.00 to the Clerk was so that the court would have

possession and control over the community property in order to carry out his duty to make a division between the parties. The court deferred assessing punishment until the final hearing and having made the division no purpose would be served in compelling Preston to pay over the $21,000.00 except that part awarded to Mrs. Preston as her community share. It would have been idle to remand him to jail until he produced the entire $21,000.00 and then pay back to him $11,000.00. The order cannot be construed as an attempt to punish him for two different offenses. The relator cannot complain because he was punished for delivering less than he was ordered to deliver originally.

The award of $10,000.00 to the wife in the division of the community property is not a debt in the ordinary sense owing by the husband in contemplation of the constitutional inhibition. He has in his possession $21,000.00 of community property, $10,000.00 of which has been awarded to the wife, and which Preston has been ordered to pay not to her but into the hands of the court.

Article 4638, Vernon's Ann. Civ. Stat., provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

The district court possesses broad powers under this statute in making an adjustment of property rights between the parties, but only if a divorce is granted. Milligan v. Milligan, Tex. Civ. App., 282 S.W. 2d 127; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Ex parte Scott, 133 Tex. 1, 126 S.W. 2d 626; Harkness v. Harkness, Tex. Civ. App., 1 S.W. 2d 399; Carter v. Carter, Tex. Civ. App., 336 S.W. 2d 466; Christie v. Tipps, Tex. Civ. App., 279 S.W. 2d 142. It is pertinent to inquire how the court can order and bring about a division of the community estate unless that estate be first subjected to the court's control. To say that a husband who, by law is given the right of control and disposition of the community estate, can reduce that estate to cash and not be compelled to account for that money in a division of the community property would run contrary to the intent and purpose of the statute. Preston is not a debtor of

his wife but rather he is constructively a trustee in holding the community assets and particularly in so far as the share is concerned that has been awarded to her by the court. There is no question, we think, about the right of the court to hold a trustee in contempt of court for willfully refusing to obey an order to pay over funds held in his hands to the one rightfully entitled thereto. Tegtmeyer v. Tegtmeyer, 292 Ill. App. 434, 11 N.E. 2d 657, later appealed 306 Ill. App. 169, 28 N.E. 303; Caswell v. Bathrick, 54 R.I. 30, 169 A. 321; Potter v. Emerson-Steuben Corp., 251 App. Div. 841, 296 N.Y.S. 684; Com. ex rel Di Giacomo v. Heston, 292 Pa. 63, 140 A. 533. Contempt proceedings have even been held proper where an attorney has refused to pay over funds received from the sale of his client's property. Smith v. Lapeer Circuit Judge, 251 Mich. 126, 230 N.W. 905.

The courts of this state have long since put to rest the contention that a husband and father may not be imprisoned for failure to pay alimony or child support and yet these matters seem much more closely related to the ordinary definition of debt than is an order of community division. In the matter of alimony or child support the court orders the person to pay over money belonging to him.

In Ex parte Davis, 101 Tex. 607, 111 S.W. 394, in holding that the wife's claim for support of herself and child pendente lite was not a debt within the constitutional provision prohibiting imprisonment for debt, the court said:

"* * * The Constitution of this state does not prohibit the imprisonment of a man except for the collection of a debt, and the proceeding in this case, being for the enforcement of a duty, natural and legal, due from Davis to his wife and children, all of whom were subject to the jurisdiction of the court, does not come within the prohibition of the Constitution."

In our case the order is directed to Preston that he pay over money in his possession that rightfully belongs not to him but to his wife. The judgment of divorce does not purport to decree that Preston is indebted to his wife. It makes the division of the property and directs him to pay over to the Clerk that portion that the court awards to her.

In Ex parte Britton, 127 Tex. 85, 92 S.W. 2d 224, while the relator was ordered discharged from the contempt commitment, principally on the ground that the court had no jurisdiction over him, he not being a party to the suit, nevertheless, the court does announce a rule of law well established and pertinent to the facts here.

"The rule is established that a court having jurisdiction of the parties and the res of the litigation has undoubtedly authority to order the surrender of property held by the defendant or any other person who is a party to the suit."

The court also observes in connection with the constitutional provision that "no person shall ever be imprisoned for debt" that, "this rule does not, of course, have application to criminal proceedings nor to many matters, the enforcement of which does not come within the well-known meaning of the words 'imprisoned for debt'."

In our recently decided case of McElreath v. McElreath, Tex. 345 S.W. 2d 722, we recognized the right of an Oklahoma District Court in a divorce decree to order the defendant-husband to convey lands in Texas and to enforce that decree by contempt proceedings.

In Ex parte Latham, 47 Tex. Cr. Rep. 208, 82 S.W. 1046, the relator was held in contempt for his refusal to pay over to the court-appointed trustee money awarded to the wife in the final decree of divorce. He was ordered confined in the county jail until he should purge himself by complying with the order of the court. The relator contended that this was a debt and the court was not authorized to imprison him for debt. This contention was denied. The court held that since it was competent for the court to make partition of the community property then the court was authorized to require the relator to turn over the community property conceded then to be in his hands for the purpose of distribution, and further the court was authorized to enforce its decree by a contempt proceeding. Relator seeks to distinguish Ex parte Latham. He says in that case there existed an entirely different set of circumstances as follows:

"1. Defendant admitted he had the money on hand.

"2. The Court appointed a Trustee who made a bond for $2,000.00 and who demanded the money of the defendant.

"3. The defendant, although admitting he had the money, refused to pay it to the Trustee who had the legal authority to collect it.

"4. The defendant was held in contempt by reason of his failure to pay money actually in his possession to a legally constituted authority.

"5. There was a definite adjudication that the money belonged to the plaintiff in the case, and that the Trustee was entitled to it."

From relator's own analysis it seems the only distinction that can be found is that in Ex parte Latham the defendant admitted that he had the money in his possession while in this case Preston averred that he had destroyed the money. We are not concerned here with the question of Preston's inability to perform as the court has found as a fact that he does have the money in his possession and disbelieved the sewer-flushing story.

The case principally relied upon by the relator is Ex parte Prickett, 159 Tex. 302, 320 S.W. 2d 1. In that case the relator's divorced wife applied to the court for the enforcement of her decreed right to certain shares of stock and to that end invoked the provisions of Rule 308, Texas Rules of Civil Procedure. The court held that the enforcement by imprisonment under that rule applied only to such property as had an especial value to the plaintiff and that shares of stock in a corporation had no especial value, simply being property traded on the open market and worth what they would bring in terms of money. The divorced wife in that case proceeded under the wrong theory. Rule 308 simply has reference to an ordinary judgment. It purports to say that where a judgment has been rendered against an individual for something that may not have any particular market value, but for sentimental reasons or otherwise, does have some particular value to the plaintiff the property may be recovered by extraordinary means.

There is authority in other jurisdictions for the proposition that a decree providing for the restoration, conveyance or division of property in divorce cases may be enforced by contempt proceedings when the decree has been entered and performance has been directed and duly demanded. 27B C.J.S., Divorce, § 300(3).

A clear pronouncement is to be found in Decker v. Decker, 326 P. 2d 322 (Wash.) :

"We believe the constitutional prohibition against imprisonment for debt relates to run-of-the-mill debtor-creditor relationships arising, to some extent, out of tort claim, but principally, out of matters basically contractually in nature. In such cases the judgment of the court is merely a declaration of an amount owing and is not an order to pay. Problems of domestic relations involving alimony, support payments, property settlements, together with court orders in connection therewith, do not normally fall into the debtor-creditor category."

In Hoppe v. Hoppe, 181 Kan. 428, 312 P. 2d 215, the trial court was held to have authority to compel by contempt proceeding the conveyance of an interest in real estate because the court had jurisdiction over the parties and the subject matter. To the same effect is Foreman v. Foreman, 111 Utah 72, 176 P. 2d 144.

In Oaks v. Oaks, 207 Ark. 902, 183 S.W. 2d 292, the plaintiff-wife in a decree of divorce was awarded half of the value of certain United States Savings Bonds which has been purchased with the profits from a business operated by the husband and wife. The bonds were last seen in possession of the husband and notwithstanding his denial of possession, enforcement of the decree was held properly to be effected by contempt proceedings.

In Staton v. Staton, 143 N.Y.S. 2d 369, the decree of divorce ordered the husband to make the wife and child beneficiaries of a life insurance policy. He complied with the order but some years later named another as beneficiary. He was held in contempt of court and could purge himself by canceling the change.

■ Additionally Preston complains of the enforcement of this order for the reason that the adjudication of the divorce and division of the community property has not become final because he says the case is on appeal. We think that fact is not significant. It is to be noted that the court's order directed the payment of the money not to Mrs. Preston but to the Clerk. She would hardly be entitled to its possession until the judgment of the divorce becomes final. The fact that the case is on appeal without any showing of a supersedeas bond would, if anything,

make it more imperative that the rights of Mrs. Preston be protected in this manner. Ex parte Klugsberg, 126 Tex. 225, 87 S.W. 2d 465; Ex parte Wrather, 139 Tex. 47, 161 S.W. 2d 774.

We therefore hold that the order holding the relator in contempt of court and remanding him to the custody of the sheriff until he purges himself as directed is not void.

MR. JUSTICE GRIFFIN joined by JUSTICE SMITH, dissenting.

I respectfully dissent.

March 2, 1961, on the hearing for temporary injunction, the temporary injunction restraining relator from disposing of any of the community property was granted as prayed for. As to the $21,000.00 proceeds of the sale of the alleged community property, the court "after full hearing of all the evidence" found that relator did not, as testified by him, flush two-hundred-ten $100 bills—which he had secured from the proceeds of the sale and had in his possession after said sale—down the toilet at Ft. Worth Club. The court further ordered relator to produce said sum of $21,000.00 on or before March 9, 1961, at 10:00 a.m. and to pay the same into the registry of the court, pending final hearing.

At the March 9, 1961, hearing the court found that relator failed to produce the $21,000.00 or any part thereof, or to pay same into the registry of the court; and that relator had purposely and openly violated the order of the court. The court then said: "It is therefore ordered by the Court that the said defendant William C. Preston, Jr., be and he is hereby held in contempt of Court with relation to the matters referred to above, but consideration and determination of what action the Court shall take in connection with said contempt is *hereby deferred* until hearing of this case upon its merits which hearing is set for April 3, 1961." (Emphasis added.)

On April 3, 1961, the hearing was had and the court on April 13, 1961, gave judgment for divorce, and divided the property between the parties. The wife was awarded "The sum of $10,000.00 in cash, which the Court hereby orders the defendant (relator herein) to produce as hereinafter set forth." With regard to the $21,000.00 the court held relator in contempt and, as punishment for the contempt, ordered that relator for his

failure to produce the $21,000.00 be confined in the Tarrant County jail for a period of three full days of twenty-four hours each. The record shows that the relator has served this part of the contempt judgment. However, this judgment contained the further provision that relator "be held and confined until he shall have produced and delivered to the Clerk of this [the trial] Court, for the use and benefit of the plaintiff, the said sum of $10,000.00, whereupon he shall have purged himself of contempt of this Court." It was under this last provision that relator was kept confined after the expiration of the three day term. It is from this latter provision that relator seeks relief.

I agree that the trial court in a divorce case has the jurisdiction and power to divide the community assets between the parties and to require either spouse to bring such community assets into the registry of the court; or if a domestic judgment, to require proper instruments of transfer and conveyance to be executed. Failure to comply with the court's order can be punished by contempt. However, in this case, the trial court assessed a penalty of three days confinement in the Tarrant County jail for the failure of relator to obey his orders to bring the $21,000.00 into court.

The $10,000.00 is a separate and distinct item from the $21,000.00 and was so treated by the trial court. An additional punishment was directed by the trial judge in an effort to have the $10,000.00 paid to the wife of relator. The trial court having seen fit to separate the two items, I do not see how we can set aside such action and say it is only one item of $21,000.00.

I can not get around the statement in Ex parte Prickett, 1958, 159 Tex. 302, 320 S.W. 2d 1, that: "The contempt order, for all practical purposes, may be taken as merely one of enforcement of the decreed property division as distinguished from punishment." In the Prickett case the order was for the defendant husband to deliver to his divorced wife (or to pay her the value of) certain stock certificates representing forty-odd shares of Humble Oil & Refining Company stock, which the divorce decree had awarded to her in the division of the community property.

Rule 308, T.R.C.P., has no application whatever to the case at bar. To say this court would hold a judgment of contempt void and discharge the relator, just because Prickett relied on Rule 308—when we would have remanded Prickett to custody

had he sought relief from the order to deliver to the wife the shares of Humble stock—is not logical or realistic. Shares of stock would be much more subject to a specific order of delivery than a debt for a sum of money.

The $10,000.00 item constitutes a debt which the trial court has adjudged against the relator in favor of his wife in the division of the community property of the parties. The contempt order regarding the $10,000.00 is an attempt to collect this indebtedness by the confinement of relator until same is paid. Article 1, Section 18 of the Texas Constitution provides "No person shall never be imprisoned for debt."

The trial court had no power to confine relator until he has paid the $10,000.00 awarded the wife by the divorce decree.

I would enlarge the relator and discharge him from the contempt judgment.