J. C. McCAULEY, Appellant,

v.

Allyne McCAULEY, Appellee.

No. 4156.

Court of Civil Appeals of Texas.

Waco.

Dec. 30, 1963.

Rehearing Denied Jan. 23, 1964.

L. F. Sanders, Canton, Dunnam & Dunnam, Waco, (Appeal Only), for appellant.

Jack Sims, Hillsboro, for appellee.

TIREY, Justice.

This action is one for divorce, non-jury. The Court granted the husband a divorce and found that two minor children were born of the marriage and awarded the custody of the children to the mother and fixed support orders at $150.00 per month for each child; also fixed certain visitation rights for the plaintiff, providing in detail as to when and how these visitation privileges were to be carried out. The Court also found that the husband and wife had certain community properties and made division of the community properties between them, and further adjusted the values by placing a lien on certain of the properties awarded to the husband. The judgment contained certain recitations of findings of fact made by the trial court with reference to his division of the community property. There was no request for findings of fact and conclusions of law and none were filed.

The judgment is assailed on what plaintiff below designates as 4 points. They are to the effect that the Court erred: (1) "in attempting to partition in kind properties that it had not determined were capable of partition in kind." ; (2) That it abused its discretion in that it made an unfair and unjust partition of the properties between the parties; (3) In finding that the plaintiff had dissipated and disposed of substantial portions of the property before and after the divorce suit was filed; (4) In finding that $300.00 should be paid as child support.

In paragraph 5 in the pleading on which plaintiff went to trial we find these allegations: "Plaintiff would further show that there is certain community property and there are a number of debts for which the greater portion of said property is liable, and the court should in fairness to both of said parties partition and divide the community property in accordance with the

facts, law and indebtedness." And he prayed for a divorce "together with his proper proportion of the community property, and that the court award the care, custody and control of said minors as the court deems proper and necessary and to the best interest of said minors, * * *" and that plaintiff have such other and further relief, both general and special, in law and in equity to which he may be justly entitled.

Defendant went to trial on her first amended original answer. It contains a general denial and she asked for the care, custody and control of the children and for support, and she prayed for such relief, together with general and special relief in law or in equity. In the judgment we find this recital:

"that the plaintiff and defendant own certain community property, being that described and awarded hereinafter to such respective parties, and the Court, having due regard to the rights of each party and of their children, being of the opinion and finding that the plaintiff, ·J. C. McCauley, both during the pendency of this cause in this Court and prior thereto, materially and radically dissipated, reduced and disposed of substantial portions of the community property of the parties, inequitably and unfairly to the defendant, Allyne Mc-Cauley, * * *" that "Allyne Mc-Cauley, is unable to support herself and at the same time adequately care for the two children * * * awarded to her as their custodian, and that a division of said said community property and the payments of monies in the following described manner will be, under the evidence and the findings of the Court herein, just, right and equitable."

The court then awarded to Mrs. McCauley a tract of land in Dallas County which appears to be the homestead tract, together with all furniture and household goods, a 1959 model Oldsmobile, five U. S. Savings Bonds, maturity value $25.00 each, 100

shares of capital stock of Margo, Inc., an outboard motor, boat and trailer, four cemetery lots in Grove Hill Cemetery in Dallas County. And awarded to plaintiff McCauley, the following property as his separate property and estate: A lot in Hill County, an undivided one-half interest in two acres of land on the County line road on Highway 183 in Dallas County and provided that he assume and pay and discharge the note and indebtedness against the house situated at 1162 Carbona Drive awarded to Mrs. McCauley, and described the indebtedness, the total indebtedness being in excess of $4,000.00, and further decreed that he pay to Mrs. McCauley the sum of $12,500.-00 in five annual installments of $2500.00 each, the first installment to be paid on or before the 6th day of March 1964, and one to be paid on or before the 6th day of March of each succeeding year until all are paid, with interest at 6% per annum from March 6, 1963. The decree further ordered plaintiff to execute and deliver his promissory note in conformity with the above requirements payable to Mrs. McCauley as above stated, and the decree expressly awarded a lien upon all the property, both real and personal the court had awarded to McCauley, and provided that the award to McCauley of such property was subject to the lien and trust for the benefit of Mrs. McCauley to secure her in the payment of said $12,500.00 note. The decree further provided that plaintiff McCauley pay all obligations and liabilities incurred by plaintiff and defendant prior to February 13, 1963, and McCauley was directed to pay all income taxes for the year 1962 or any prior year, and the decree further provided that each of the parties shall immediately deliver full custody, possession and control of all the property awarded to the other, and that each shall deliver such abstracts of title and conveyances of ownership as exist relating to such property, and that each shall execute, acknowledge and deliver to the other such certificates of title, deeds and transfers as may be necessary to evidence and confirm the ownership of the property awarded to the other. That part of the decree granting a divorce to the parties is not assailed.

Appellant has filed a supplemental brief in which he assigns points 5, 6, 7 and 8. They are substantially to the effect that the Court erred in awarding a money judgment against plaintiff, in that it ordered him to pay in cash the sum of $12,500.00 to defendant and to execute his note therefor, and because there is no pleading to support a money judgment against plaintiff.

■ We are of the view that each of appellant's points is answered adversely to him by virtue of the provisions of Article 4638, Vernon's Ann.Civ.Tex.St., and the pronouncements of our Supreme Court in the following cases: Ex parte Scott (Scott v. Scott, Scott v. Bond), 133 Tex. 1, 123 S. W.2d 306; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523; Ex parte Prickett, 159 Tex. 302, 320 S.W.2d 1; Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329. See also McBean v. McBean, Tex.Civ.App., 371 S.W.2d 930. Article 4638 aforesaid provides:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In construing this Article our Supreme Court, in Ex parte Scott, aforesaid, made the following pronouncement:

"By the provisions of Article 4638, R.C.S.1925, the court pronouncing the decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in such a way as the court may deem just and right, having due regard for the

rights of each party and their children, if any. This statute does not allow the divorce court to compel either party to the divorce action to divest himself or herself of the title to realty. As we construe it, Article 4638, supra, is mandatory in its provisions, * * *. Also, under this statute the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right."

In Hailey v. Hailey, our Supreme Court reaffirmed the doctrine announced in the Scott case, supra, and in the opinion we find this statement:

" * * * the statute puts the duty on the trial court to make a partition of the community property whenever the pleadings of either party show the existence of such property. The trial court shall consider all the facts and circumstances shown by the evidence and then partition the community property, both personal and real estate, in such manner as may be just and right."

Going back to appellant's pleadings on which he went to trial he specifically alleged that there was a community estate between him and his wife and he asked the court to make proper division of the property as between them, and this request made to the court by appellant was exactly what the court undertook to do as was his duty to do under the provisions of Article 4638, aforesaid, and under the decisions we have heretofore cited. Under the record here there was no separate property of either spouse. The court in its decree specifically stated: " * * * that a division of said community property and the payments of monies in the following described manner will be, under the evidence and the findings of the court herein, just, right and equitable." The court then proceeded to make the division between appellant and appellee in the manner we have heretofore stated. There was tendered in evidence a financial statement of plaintiff dated May 31, 1962, which showed total liabilities and net worth $90,654.54. In his financial statement as of January 25, 1963, it shows (as we understand it) a net worth of his property used in road construction work to be a total net of $15,592.50. He shows real estate, plus household furniture, and a boat and trailer $10,056.00, cash on hand $210.65, and accounts outstanding in the sum of $11,742.72. Testimony was further tendered to the effect that after the divorce suit was filed he transferred a Cadillac automobile for an inadequate consideration, and that he further transferred $17,-650.00 worth of equipment to Jack Langford in satisfaction of an alleged debt. Other testimony was tendered with reference to the possession and disposition of substantial sums of money over a period of two (2) months and, in addition thereto, two days after the separation of the parties appellant withdrew $6000.00 from the bank account of the parties.

Our view of the record here is that the court's judgment in this cause shows that the court was making a partition of the whole of the community estate between the parties in a manner that he thought was just and right, and as the court was required to do by Article 4638, aforesaid. The next major question that presents itself is: Did the trial court abuse its discretion in a division of the property between the parties and in fixing the amount of the support orders for the two children ages 12 and 13 respectively? We have carefully considered the entire record in this cause and we cannot honestly and conscientiously say that under the record as a whole it shows that the trial court did abuse its discretion in either instance.

Appellant in his brief assails part of the decree as being void and unenforceable. The part complained of relates to the part in the decree that ordered plaintiff to pay off and discharge an indebtedness against the homestead awarded to the appellee as part of her share in the division of the com-

munity estate, and with reference thereto the decree provided:

"It is, * * * decreed that the violation, at any time or times by the said plaintiff, J. C. McCauley, of the above order and decree by failing to pay any installment or payment as they become due upon the above described Dallas County house note or the interest thereon, at the times and in the amounts above stated, shall subject the plaintiff, J. C. McCauley, and make him in all things subject to, proceedings for contempt of Court and being held in contempt of Court in the same manner that he would be subject to such contempt proceedings for failure to pay the child support payments hereinabove ordered."

Appellant says in effect that there is no provision in our statute, nor in our Constitution, nor in any of the provisions of the new rules, particularly rule 308, Texas Rules of Civil Procedure, that authorizes the court to enter such decree. We sustain this contention. In Wallace v. Briggs, supra, the Supreme Court, in point 2, made the following pronouncement:

"The court has the power on the final disposition of the case to award attorneys' fees to the wife, the reasonableness of which are to be determined by the trier of the facts, and they are then entered as a part of the final judgment. *Even then there is no authority for the judge to summarily order them paid or attempt to enforce that order by contempt proceedings.*" (Emphasis added.)

It is our view that the last sentence of the opinion quoted sustains appellant's contention. See also Ex parte Prickett, supra.

Accordingly, that part of the decree which provides that appellant may be punished for contempt for his failure to execute and carry out the provisions of the decree is hereby stricken, and the decree is so modified and reformed.

We have carefully considered each of appellant's points in his original brief and his supplemental brief, and each is overruled, except as above stated.

The judgment is modified and reformed as hereinbefore stated, but in all other respects it is affirmed. All costs are taxed against appellant.

Modified and reformed in part, and in part affirmed.