**Ex parte Suzanne Weldon DIRR, Relator.**

No. 17128.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 16, 1978.

Nell H. Holloway, Houston, for appellant.

George A. Rustay, Houston, for appellee.

COLEMAN, Chief Justice.

This is an original proceeding for Writ of Habeas Corpus. Relator seeks release from confinement suffered as a result of a judgment entered finding her in contempt of court for the failure to grant child visitation rights and "because of her continued litigation and her intentionally interfering and harassing Relator in such child visitation."

The affidavit on which the contempt hearing was held charged Relator with contempt and was based on an order entered by the court of domestic relations modifying and making more certain the rights of visitation previously established by a judgment entered in a divorce action. Neither the divorce judgment nor the modifying order enjoined Relator from harassing her former husband, Eugene Oliver Dirr, Jr., or from interfering with his visitation rights by continued litigation. There is neither pleading nor proof that the court had entered an order directing Mrs. Dirr not to file further legal proceedings affecting the visitation rights granted to Mr. Dirr.

A court has no general power to enforce its decrees by contempt proceedings. *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523 (1961); *Ex parte Prickett,* 159 Tex. 302, 320 S.W.2d 1 (1958).

The court may enforce by contempt proceedings an order or command embodied in a decree where the details of compliance are set forth in clear, specific and unambiguous terms. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967).

The trial court exceeded its jurisdiction in ordering Relator punished for interfering with her husband's visitation rights by resort to the courts even though he considered that her conduct amounted to harassment.

The court found the Relator guilty of two acts of contempt and assessed a

single punishment for both acts. Since the court lacked authority to punish Relator for one of the alleged acts of contempt, the entire judgment is tainted and void. *Ex parte Turner*, 478 S.W.2d 256 (Tex.Civ.App. —Houston [1st Dist.] 1972).

The Relator is discharged from custody.