**Ex parte Alton CHOATE.**

No. 8326.

Court of Civil Appeals of Texas, Beaumont.

May 31, 1979.

Robert P. Walker, Port Arthur, for appellant.

Terry Doyle, Port Arthur, for appellee.

KEITH, Justice.

This is a continuation of a domestic relations dispute between Alton Choate and his

former wife, Juanita Choate, and for convenience we will refer to the parties by their Christian names.

Alton has invoked our original jurisdiction seeking relief from an order adjudging him to be in contempt of court for the violation of several provisions in a final decree of divorce.[1] We granted leave to file the petition, admitted Alton to bail pending a hearing, and now review the contempt proceeding.

The nunc pro tunc judgment which partitioned the community property—after the granting of the divorce—became final because no appeal was perfected therefrom. This judgment contained several paragraphs material to our disposition of this cause, the decretal paragraph containing these provisions:

"Petitioner Juanita Holley Choate shall receive as her sole and separate property the following, and Respondent is hereby divested of all right, title and interest in and to such property:

1. The home located at 2911 Nashville, Nederland, Jefferson County, Texas, more specifically described as Lot 19, Block 13, Helena Park IV subdivision to the City of Nederland, Jefferson County, Texas;

2. All contents of home [not material to this proceeding];

3. The Oldsmobile automobile;

4. 150 shares of Texaco stock, now held in the Texaco Savings Plan, in the name of Respondent [Alton];

5. [Division of pension rights—not material to this proceeding]."

It was ordered further that Juanita's firm of attorneys "be and is hereby awarded the sum of $3,750.00 for legal services rendered. Said judgment is hereby awarded against Respondent, Alton Choate, for which let execution issue."

Another paragraph read:

"It is decreed that both parties shall execute all instruments necessary to accomplish final execution and disposition of this judgment."

Finally, all costs were adjudged against our Relator "for which let execution issue."

After this judgment became final, Juanita filed her motion seeking an order holding Alton in contempt of court for his failure and refusal to comply with the terms of the decree. After notice, a hearing was held wherein Alton, represented by counsel, was called as an adverse witness.[2] At the conclusion of the hearing, Alton was found guilty of contempt upon several specifications and ordered confined in jail for a period of one day and until he purged himself of contempt. We set out the four separate paragraphs of the order:

1. "Sign and execute any required instruments necessary to convey 150 shares of Texaco stock to Juanita Holley Choate, and sign and execute any required instruments necessary to transfer title of the 1978 Oldsmobile automobile from Respondent to Movant, Juanita Holley Choate."

2. "Sign and execute a deed to the home located at 2911 Nashville, Nederland, Jefferson County, Texas, more particularly described in the judgment herein, said deed being necessary to

---

1. This is the third time we have reviewed facets of this case. In *Choate v. Choate*, 576 S.W.2d 656 (Tex.Civ.App.—Beaumont 1978, no writ) [Choate I], we reversed the judgment of the trial court which had partitioned the community property in an action wherein the divorce had been denied. Our second exposure to the case was in an original proceeding wherein Alton sought a writ of prohibition to prevent the trial court entering a judgment nunc pro tunc in the original action. For reasons articulated in *Choate v. Choate* (Tex.Civ.App.—Beaumont 1979, original proceedings, not yet

reported, our No. 8206–A, January 25, 1979) [Choate II], the relief sought was denied.

2. Alton has no point of error complaining that he was called upon to give self-incriminating testimony at the hearing. However, we call the attention of counsel and the trial court to language in *Ex parte Werblud*, 536 S.W.2d 542, 547 (Tex.1976), extending to criminal contemnors their constitutional privilege against self-incrimination. See also *Ex parte Hosken*, 480 S.W.2d 18, 22 (Tex.Civ.App.—Beaumont 1972, original proceedings).

convey title of the property from Respondent to Movant, Juanita Holley Choate."

3. "Pay the sum of $89.00 to the District Clerk of Jefferson County, Texas, for costs incurred in the divorce proceedings in this cause."

4. "Pay the sum of $3,750.00, for legal services rendered, to the law firm of Provost, Umphrey, Doyle & McPherson [Juanita's attorneys]."

■ We will consider each of the adjudications separately. As to the first, we point out that it contains two separate acts on the part of Relator:

(1) "Sign and execute any required instruments necessary to convey 150 shares of Texaco stock . . . and"

(2) "[S]ign and execute any required instruments necessary to transfer title of the 1978 Oldsmobile . . . ."

We note that even in the contempt order authorizing the imprisonment, there is no description of the particular action required of Alton. He is imprisoned until he signs the "required instruments". Moreover, this order can have as its base only the language in the decree requiring the parties to "execute all instruments necessary to accomplish final execution and disposition of this judgment."

We are of the opinion that the first section of the order holding Alton in contempt is void. Neither the judgment nor the order holding him in contempt spelled out specifically just what Alton was to sign.

In *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967), the Court reviewed the cases on the subject and held:

"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him."

*Slavin* has been followed by many courts and its basic holding has not been challenged.

Indeed, it was followed in *Ex parte Carpenter*, 566 S.W.2d 123, 124 (Tex.Civ.App.—Houston [14th Dist.] 1978, original proceedings), where the relator was adjudged in contempt for failure to comply with a decree requiring that he "timely pay" medical expenses, the court holding:

"Relator urges that the medical expenses provision of the divorce decree is vague and indefinite. We agree. The word 'timely' is imprecise and subjective; it does not readily inform the person of the duty imposed upon him. Such an order is unenforceable and cannot support a contempt judgment. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.Sup.1967)."

Alton can secure his release only by signing the "required instruments" and this is as vague and indefinite as the Boy Scouts' motto, "Be Prepared." The words of the judgment and the contempt order are so vague and imprecise that the order of incarceration is void as to the first finding and adjudication.

We also note that our Supreme Court in *Ex parte Prickett*, 159 Tex. 302, 320 S.W.2d 1 (1959), discharged an applicant who had been found guilty of contempt of court for failure to deliver certain shares of stock in an oil company to his former wife in accordance with the divorce decree. It was held that the trial court lacked authority to enforce its judgment by contempt proceedings. For this additional reason, such order of commitment is void.

■ Under the same line of authorities, and for the same reasons, the second adjudication—requiring Alton to "[s]ign and execute a deed" to the home place—is void. It is readily apparent that no particular type of deed is mentioned. Would compliance be attained by delivery of a quitclaim deed?—Or perhaps, by a special warranty deed? Or, is Alton required to execute a general warranty deed when there may be an outstanding purchase money lien on the property? Again, as noted earlier, the command is imprecise and vague—and, more importantly, void.

*Ex parte Myrick*, 474 S.W.2d 767, 769 (Tex.Civ.App.—Houston [1st Dist.] 1971, original proceedings), found the court holding void an order of commitment for failure to "execute all notes and instruments, to carry this agreement into full force and effect" by the refusal to execute a specific trust agreement. Following *Ex parte Slavin*, supra, the court held the commitment order to be void because of the indefinite nature of the original decree. We follow the holdings in *Slavin* and *Myrick*. A person may not be deprived of his liberty under the vague and imprecise language used in the judgment.

In fairness to the parties, we call attention to this language used in *Schwartz v. Jefferson*, 520 S.W.2d 881, 888 (Tex.1975):

"After that judgment became final, Judge Jefferson had no authority to change its provisions relating to the property adjudication. He did have the authority, however, to make orders necessary to carry the judgment into execution in a manner which was consistent with the provisions and finality of the judgment."

█ The third and fourth adjudications have common deficiencies: each is based upon language in the original decree which ordered the costs of court and attorney's fees adjudged against Alton, and in each instance the decree ordered execution to issue. Chief Justice Greenhill, in his article entitled "Habeas Corpus Proceedings in the Supreme Court of Texas", *1 St. Mary's L.J.* 1, 12–13 (1969), used these words:

"In an ordinary suit, when the court orders a defendant to pay a plaintiff a $5,000 note 'for which let execution issue,' the order cannot be enforced by contempt."

█ The portion of the order holding Alton in contempt for failure to pay Juanita's attorney's fees is void under the holding in *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–526 (1961), where the Court held:

"The court has the power on the final disposition of the case to award attorneys' fees to the wife, the reasonableness of which are to be determined by the

trier of the facts, and they are then entered as a part of the final judgment. *Even then there is no authority for the judge to summarily order them paid or attempt to enforce that order by contempt proceedings.*" (emphasis supplied)

*Accord, McCauley v. McCauley*, 374 S.W.2d 719, 723 (Tex.Civ.App.—Waco 1964, writ dism'd).

█ There was no showing made that the attorneys' fees or court costs were payable out of property in possession of Alton at the time of the entry of the nunc pro tunc judgment. To allow such enforcement by imprisonment for contempt would amount to imprisonment for debt in violation of *Tex.Const. art. I, § 18*. *Ex parte Duncan*, 462 S.W.2d 336, 338 (Tex.Civ.App.—Houston [1st Dist.] 1970, original proceedings). Cf. *Ex parte Harwell*, 538 S.W.2d 667, 671 (Tex.Civ.App.—Waco 1976, original proceedings).

█ In habeas corpus proceedings, we are limited to a determination of whether or not the order of commitment is void. *Ex parte Hosken*, supra (480 S.W.2d at 20), and authorities therein cited. Having held the order void as to each of the four separate adjudications, we forego a discussion of all other questions apparent on the face of the record.

It is the order of this Court that our Relator, Alton Choate, be discharged from compliance with the contempt judgment entered on the 12th day of April, 1979; and that the sureties be released from all liability upon his appearance bond. *Ex parte Filemyr*, 509 S.W.2d 731, 734 (Tex.Civ.App.—Austin 1974, original proceedings).