Alberto **CASTILLEJA**, Appellant,

v.

Severa **CAMERO**, Appellee.

No. 207.

Court of Civil Appeals of Texas.

Corpus Christi.

March 31, 1966.

W. G. Perkin, F. B. Godinez, Jr., Pharr, for appellant.

E. G. Henrichson, of Henrichson & Bates, Edinburg, for appellee.

GREEN, Chief Justice.

In cause No. B–22,984 in the 93rd District Court of Hidalgo County, Texas, be- tween these same two parties, appellee on March 4, 1965, recovered judgment against appellant for $17,000.00. The trial court in his judgment in that case expressly found that appellant had on deposit in the Banco Longoria, of Reynosa, State of Tamaulipas, Republic of Mexico, a fund of money in which appellee's interest was $17,000.00, and that appellee's interest was a specific por- tion of said deposit in said bank. The court found appellant was threatening to dissipate, waste, or remove and secrete the same, and permanently enjoined and restrained him from assigning, removing, dissipating, se- creting, or hiding said sum of money, except that he was allowed to assign the same to the district clerk of Hidalgo County, Texas, to serve as supersedeas bond in the event of appeal. Appellant did not assign any portion of the fund to the district clerk under this provision of the decree. The judgment was this day affirmed by this Court in Castilleja v. Camero, our No. 173, 402 S.W.2d 265.

On September 14, 1965, while said cause was pending on appeal to this Court as our No. 173, appellee filed the present case No. B–23,409 in the 93rd District Court of Hidalgo County, Texas, alleging the facts concerning the entry of the decree in No. B–22,984, and the appeal from said judg- ment without supersedeas bond, and further alleging that execution had issued and been returned nulla bona, the insolvency of appel- lant, the deposit by appellant of the money in Banco Longoria in Reynosa, Tamaulipas, Mexico, out of the jurisdiction of Texas courts, and appellee's specific interest in the funds represented by said deposit, that ap- pellant threatened to remove himself from the jurisdiction of the court so as not to be available for punishment for violating the injunction against him, and other facts. Appellee prayed that after due hearing, the court issue its writ of mandamus requiring appellant to transfer the sum of $17,000.00 belonging to appellee by virtue of the judg- ment in cause No. B–22,984, to the district clerk of Hidalgo County, Texas, to be held by him conditioned that appellant prosecute his appeal in said cause to effect, and that

said sum be paid out of the registry of the court in accordance with the final terms of the judgment in said cause No. B–22,984, serving while said case was on appeal in the nature of a supersedeas bond. Said petition was duly sworn to.

After a non-jury trial, at which both parties duly appeared in person and by counsel of record, the trial court, finding that appellee should be awarded the writ of mandamus, signed and entered its order reading in part as follows:

"It is accordingly ORDERED, ADJUDGED and DECREED that a peremptory writ of mandamus issue directing and commanding the Respondent, Alberto Castilleja, to within ten (10) days from this day pay into the registry of the 93rd District Court, the sum of Seventeen Thousand & No/100 ($17,000.00) Dollars, which are funds adjudged to be property of the Relator by virtue of final judgment in Cause No. B–22,984 and to be held by the said Clerk of this Court, K. C. Boysen, conditioned that the Respondent prosecute his appeal in said cause to effect, and that said sum be paid out of the registry of this court in accordance with the final mandate on said judgment, and that the same serve as a supersedeas bond therein, and it is further ORDERED, ADJUDGED and DECREED, that Relator recover her costs in this behalf expended and that she have her execution for the same.

"WHEREUPON, in open court, the Respondent gave notice of appeal to the Court of Civil Appeals, 13th Supreme Judicial District, State of Texas, sitting at Corpus Christi, Texas, and requested this Court to fix the amount of supersedeas bond required herein, and the Court, after consideration, does hereby set the amount of the supersedeas bond required herein at the sum of Eight Thousand Five Hundred & No/100 ($8,500.00) Dollars."

This appeal is from said order granting the writ of mandamus.

Appellant bases his appeal on three points of error, as follows:

*"POINT ONE:*

The Honorable Trial Court erred in allowing the Appellee to enter in evidence the judgment in Cause Number B–22984, styled SEVERA CAMERO vs. ALBERTO CASTILLEJA, because said judgment had been appealed and was not a final judgment at the time same was sought to be introduced into evidence.

*"POINT TWO:*

The Honorable Trial Court erred in granting the Writ of Mandamus in that the Appellant was under a permanent injunction in Cause Number B–22984, and said Writ of Mandamus as issued was in effect an attempt to compel the Appellant to make a supersedeas bond in a separate and distinctive cause, namely Cause Number B–22984.

*"POINT THREE:*

The Honorable Trial Court erred in granting the Writ of Mandamus for the reason that the Honorable Trial Court had no authority to grant such a Writ in support of a money judgment."

In support of his first point, appellant relies on the opinion in Texas Trunk R. Co. et al. v. Jackson et al., 85 Tex. 605, 22 S.W. 1030. There the court held that while an appeal or application for a writ of error is pending in an appellate court, whether prosecuted under a cost or supersedeas bond, the judgment is deprived of that finality of character necessary to make it admissible in evidence in support of the right or defense declared by it, or as the basis of a plea in bar. In the hearing of the present case, appellee did not offer the judgment in the first case in final support of the rights declared by it, or as the basis of a plea in bar of any contention of appellant. She did not make any claim that, so long as the case was on appeal, the judgment was final. Such judgment was proper

evidence of the existence of a claim of hers against specific property, to-wit, $17,000.00 of the money on deposit in appellant's name in the bank in Mexico, in the event the judgment was affirmed, and of the necessity that to protect such claim, the relief sought would need to be granted subject to the action of the appellate courts. We feel that the language of the Texas Supreme Court in Ex parte Preston, 162 Tex. 379, 347 S.W. 2d 938, 943, is decisive of this matter, when, through Justice Culver, it said:

"Additionally Preston complains of the enforcement of this order for the reason that the adjudication of the divorce and division of the community property has not become final because he says that case is on appeal. We think that fact is not significant. It is to be noted that the court's order directed the payment of the money not to Mrs. Preston but to the Clerk. She would hardly be entitled to its possession until the judgment of the divorce becomes final. The fact that the case is on appeal without any showing of a supersedeas bond would, if anything, make it more imperative that the rights of Mrs. Preston be protected in this manner. Ex parte Klugsberg, 126 Tex. 225, 87 S.W.2d 465; Ex parte Wrather, 139 Tex. 47, 161 S.W.2d 774."

Additionally, a trial court will take judicial notice of the proceedings in an ancillary or related suit. 23 Tex.Jur.2d, Evidence, p. 48. It is well recognized that a trial court may take judicial notice of its own records in a related cause involving the same subject matter between the same, or practically the same, parties. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274.

The first point is overruled.

Appellants second and third points are likewise overruled. The injunction granted in No. B–22,984 was only a negative or preventative order, and could not, even if obeyed by appellant, serve to bring the money to the court, or to appellee provided her judgment should ultimately be-

come final. In this connection appellant, as a witness at the trial of the present cause No. B–23,409, testified under oath that he did not intend to pay appellee even if he lost the case (No. B–22,984, our No. 173) in the appellate courts. The injunction was, therefore, clearly an inadequate remedy. An affirmative order requiring appellant to do something was necessary if appellee was going to get any aid from the courts to obtain what was legally hers.

While the trial court may not have had any jurisdiction over the bank in Reynosa, State of Tamaulipas, Mexico, it did have jurisdiction over the person of appellant. Roberts v. Stewart Farm Mortgage Company, Tex.Civ.App., 226 S.W. 1108. In his opinion, Judge Fly stated:

"Where the necessary parties are before a court of equity it is immaterial that the subject of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It can compel the defendant to do, according to the lex loci rei sitae all that he could do voluntarily to give full effect to the decree against him."

We agree with appellant that the courts can not require a party appealing from a money judgment to enter into a supersedeas bond, and that the filing of such bond to secure the protection from enforcement of the terms of the judgment by execution or other means while the case is on appeal is optional with an appellant. Rule 364, Texas Rules of Civil Procedure. However, the judgment in the first case, No. B–22,984, did more than grant appellee a money judgment for $17,000.00 against appellant. It recited the deposit by appellant of a specific fund of money in the Banco Longoria, and expressly found that appellee owned a specific interest of $17,000.00 in said deposit. The order in the present case expressly found that the money ordered to be paid by appellant into the registry of the court are funds adjudged to be the property of appellee by the judgment in the first

case. To require a party to deposit in court property specifically decreed to belong to the other party in a law suit, subject to the action of the appellate courts, is not requiring one to give a supersedeas bond pending appeal under Rules 364, 435, T.R.C.P., although such may serve the same purpose.

We feel that under the specific findings of the trial court, appellant does not occupy merely the position of a debtor in relation to appellee, but is constructively a trustee in holding the share of the sum on deposit that has been adjudicated to be the property of appellee, and that the trial court was authorized, in order to protect its jurisdiction and its judgment, to issue the writ of mandamus. Ex parte Preston, 162 Tex. 379, 347 S.W.2d 938; Ex parte Klugsberg, 126 Tex. 225, 87 S.W.2d 465. Although the opinion in Preston developed from an order issued in connection with the division of community property in a divorce suit, it will be noted that the out of state authorities cited in support of its holding were, for the most part, other than divorce cases, when the court said:

" * * * There is no question, we think, about the right of the court to hold a trustee in contempt of court for willfully refusing to obey an order to pay over funds held in his hands to the one rightfully entitled thereto. Tegtmeyer v. Tegtmeyer, 292 Ill.App. 434, 11 N.E.2d 657, later appealed 306 Ill.App. 169, 28 N.E. 2d 303; Caswell v. Bathrick, 54 R.I. 30, 169 A. 321; Potter v. Emerson-Steuben Corp., 251 App.Div. 841, 296 N.Y.S. 684; Com. ex rel. Di Giacomo v. Heston, 292 Pa. 63, 140 A. 533. Contempt proceedings have even been held proper where an attorney has refused to pay over funds received from the sale of his client's property. Smith v. Lapeer Circuit Judge, 251 Mich. 126, 230 N.W. 905."

The necessity for the issuance of the writ of mandamus in protection of the authority of the courts is definitely shown by the following sworn testimony of appellant:

"Q. Do you intend to pay Mrs. Camero if you lose that case up there?[1]

"A. No."

The judgment of the trial court is in all things affirmed. A supersedeas bond in the amount of $8,500.00 as authorized by the trial court, with appellant as principal and Raul Vecchio and Jack R. Marvin, both of Pharr, Texas, as sureties, was duly filed with and approved by the district clerk, and is included in the transcript of this cause. As provided by Rule 435, T.R.C.P., judgment is rendered against appellant and the sureties on such bond for the performance of the judgment herein to the extent of the amount of liability set forth in the bond, this, however, not limiting appellant's liability under the trial court's decree. Hayes v. Hayes, Tex.Civ.App., 378 S.W.2d 375, 381, writ dism.; Reed v. Fulton, Tex.Civ. App., 384 S.W.2d 173, 179, writ ref. n. r. e.

Judgment affirmed.

---

1. Referring to the appeal of cause No. B–22,984, our No. 173.