**Alberto CASTILLEJA, Petitioner,**

v.

**Severa CAMERO, Respondent.**

**No. A–11519.**

Supreme Court of Texas.

April 19, 1967.

Rehearing Denied May 24, 1967.

F. B. Godinez, Jr., Alamia & Perkin, Willis G. Perkin, Pharr, Kelley, Looney, McLean & Littleton, Jackson Littleton, Edinburg, for petitioner.

Henrichson & Bates, E. G. Henrichson, Edinburg, for respondent.

GRIFFIN, Justice.

This suit was filed in the 93rd District Court of Hidalgo County, Texas, for a writ of mandamus to compel payment of funds to the District Clerk of Hidalgo County, Texas. The trial court granted the writ and the Court of Civil Appeals affirmed, 402 S.W.2d 272.

The companion to this case, Castilleja v. Camero, Tex., 414 S.W.2d 424, and numbered A–11518 in this Court, was decided in favor of Severa Camero, respondent here. In that case the trial court found that petitioner had a specific sum of money in the Banco Longoria, Reynosa, Mexico, $17,000.00 of which belonged to respondent. In addition to the judgment awarding the respondent $17,000.00, the trial court issued a permanent injunction directing the petitioner not to assign, remove, dissipate, secrete or hide that sum except that the sum could be assigned to the District Clerk as a supersedeas bond. No such assignment was made, and no supersedeas bond was filed.

After the appellate process in A–11518 had been started, the respondent instituted this suit in which the following was alleged: execution had been issued on the judgment

in A–11518 and returned nulla bona, the petitioner was insolvent, the specific fund in which respondent was awarded an interest was in Mexico and out of the jurisdiction of the court, and that petitioner threatened to leave the jurisdiction of the court. The prayer was for writ of mandamus requiring the petitioner to transfer $17,000.00 of the fund in the Mexican bank to the district clerk to be held until final judgment in A–11518. The writ of mandamus was granted.

Petitioner contends that granting the writ of mandamus was error in the following respects: It required him to make a supersedeas bond which is supposed to be a voluntary act, it required him to make a supersedeas bond in a separate and distinct cause, and the district court was without authority to grant such a writ when the judgment was for the recovery of a specific sum of money. Petitioner also asserts that it was error for the Court of Civil Appeals to affirm the district court upon the basis of petitioner being a "constructive trustee" of the fund. We disagree with petitioner's contentions; consequently the writ in this case was granted only because the writ in A–11518 was granted.

█ The ownership of the fund which was the subject of litigation between these parties was in dispute, and the fund was in danger of being lost or depleted. The injunction which was a part of the judgment in A–11518 did not protect the fund because the fund was in Mexico and out of reach of either respondent or the court. Petitioner testified in the hearing on the writ of mandamus that he did not intend to satisfy the judgment in A–11518 if that case was finally decided against him. Under such circumstances a court can order payment of the disputed funds into its registry until its ownership is determined, Ex Parte Preston, 162 Tex. 379, 347 S.W.2d 938 (1961).

█ It is correct that making a supersedeas bond is voluntary, Rule 364(a), 385 Texas Rules of Civil Procedure, and that this writ of mandamus had the effect of re-

quiring a supersedeas bond. However, the fact that the performance of the act required by the writ of mandamus will have such an incidental effect is not grounds for denying the writ, Laidlaw Bros. v. Marrs, 114 Tex. 561, 273 S.W. 789 (1925). It is of no significance that this was done in a separate cause. The entry of orders, after appeal, which are not inconsistent with the original judgment may be made to conserve the property which is the subject of appeal, Ex Parte Lohmuller, 103 Tex. 474, 129 S.W. 834, 29 L.R.A.,N.S., 303 (1910). Nor is it significant that the property required to be deposited is money, Ex Parte Preston, supra. The judgment in A–11518 is not a money judgment; respondent was awarded ownership of a specific fund.

Petitioner relies on Renger v. Jeffery, 143 Tex. 73, 182 S.W.2d 701 (1944) to support his first two points of error. That case is so factually different that it can have no application to the present case. In *Renger* the original action was brought on certain notes and for foreclosure of the liens they represented. Judgment was rendered for the plaintiff, and this was affirmed by the Court of Civil Appeals. The Supreme Court affirmed the judgment of the Court of Civil Appeals, and this action became final on May 19, 1943. Then on October 19, 1943, the defendant in the original suit filed a second suit in which he sought to restrain the order of sale executing the first judgment. The trial court denied this action and the defendant in the original suit asked that a supersedeas bond be set. The bond was set and made, and the trial court ordered the first judgment superseded. Thus the order was to supersede a judgment that had become final. This Court held that such an order was unenforceable and void because the rules relating to supersedeas bonds contemplate suspension of a judgment before it becomes final, not a final judgment, Rules 364, 368 and 385, T.R.C.P. In the present case the writ of mandamus does not affect the judgment in A–11518, it merely conserves the property pending final judgment.

In affirming the judgment of the trial court, the Court of Civil Appeals below explained that the judgment in A–11518 was not a money judgment but was for specific property. The explanation included the statement that there was not a debtor-creditor relationship between petitioner and respondent, but rather petitioner was a constructive trustee of the fund. Petitioner now urges this as reversible error because "constructive trustee" was not pleaded. The Court of Civil Appeals' analysis was correct, its characterization is immaterial.

The judgment of the trial court and Court of Civil Appeals are affirmed.