Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00742-CV

**IN RE REVEILLE RESOURCES (TEXAS), INC., Relator**

Original Mandamus Proceeding[1]

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  January 19, 2011

MANDAMUS CONDITIONALLY GRANTED

The underlying dispute is between two oil and gas companies.  Relator, Reveille Resources (Texas), Inc., owns and operates several leaseholds in which the real party in interest, Greehey & Company, Ltd., has working interests that entitle it to receive revenues generated from the production of the wells on the leases.  In 2008, Reveille elected to drill a well on one of the leases, and pursuant to a joint operating agreement, submitted an Authority for Expenditure to its non-operating working interest owners, one of which is Greehey, for the cost associated with drilling the well.  Greehey's share of the costs was $632,750, of which it initially paid $231,750.  Greehey later asserted it withdrew its consent to the authorization and refused to pay

---

[1] This proceeding arises out of Cause No. 2009-CI-16393, styled *Greehey & Company, Ltd. v. Reveille Resources, Inc.*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding.  However, the Honorable Janet P. Littlejohn, presiding judge of the 150th Judicial District Court, Bexar County, Texas, signed the three orders at issue in this proceeding.

the balance owed. Because the drilling on the well was completed at under cost, Greehey's unpaid balance, according to Reveille, amounted to $219,000. As a result of Greehey withholding the balance, Reveille applied revenue otherwise due to Greehey from all the wells governed by the joint operating agreement to offset the amount Greehey owed. Greehey filed suit against Reveille, alleging Reveille wrongfully withheld revenue in the amount of $455,377.91. Reveille counterclaimed that Greehey failed to pay its share of the expenses associated with drilling the well.

Greehey filed a prejudgment Application for Writ of Attachment alleging evidence existed to support the elements necessary to obtain a writ pursuant to Texas Civil Practice and Remedies Code sections 61.001 and 61.002, and asking the court to order that the sum of $455,377.91 be placed into the registry of the court. One of the necessary elements is proof that "the defendant is justly indebted to a plaintiff." TEX. CIV. PRAC. & REM. CODE ANN. § 61.001(1) (West 2008).

On September 1, 2010, the trial court signed an order directing, among other things, that Reveille deposit $455,377.91 into the court's registry. The order also stated that if Reveille failed to place the money into the registry, the clerk shall issue a writ of attachment commanding a sheriff or constable to attach and hold Reveille's property up to the maximum value of $455,377.91. Finally, the trial court struck through a paragraph in the order that stated Reveille was justly indebted to Greehey. Reveille did not deposit the money into the registry, and instead, filed a motion to dissolve the September 1 order and Greehey filed a motion to enforce the order. After a hearing, the trial court denied Reveille's motion, granted Greehey's motion, and again ordered Reveille to deposit the money into the court's registry. Reveille again failed to deposit the money, resulting in Greehey filing a motion for sanctions. The court sanctioned Reveille

$1,000 per day until the deposit into the registry was made or until the first day of trial, whichever date was earlier and awarded Greehey attorneys' fees. Reveille then filed its petition for writ of mandamus and Greehey has filed a response.

## DISCUSSION

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion" Walker, 827 S.W.2d at 840. In this case, Reveille asserts the trial court erred in two respects.

First, Reveille argues the order directing the deposit into the registry is improper to the extent the court signed the order pursuant to Texas Civil Practice and Remedies Code section 61.001 because the trial court struck through a finding necessary for entitlement to a writ of attachment. We agree that the trial court's failure to find that Reveille was "justly indebted to" Greehey was fatal to Greehey's entitlement to a writ of attachment.

Second, Reveille asserts the order directing the deposit into the registry is improper to the extent the trial court signed the order pursuant to its inherent authority to do so. A trial court, through its inherent authority, may order a party to pay disputed funds into the court's registry if there is evidence the funds are in danger of being "lost or depleted." *Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967). Here, no evidence was introduced regarding this element; instead,

the court heard only arguments of counsel.[2] During the hearing on Greehey's application for the writ of attachment, Greehey's counsel asserted Reveille was in financial trouble, was selling its interest in some of the wells to pay for operating capital, it "may" hide property from its creditors, and it is disposing of property and converting the property to cash. Reveille's counsel admitted the company was trying to find additional financing because all of its money was "tied up in the wells." As to the request to place money into the court's registry, Reveille's counsel stated as follows:

> [If] this Court should enter a writ of attachment and require [relator] to pay $455,000 into the registry of the Court, I'm sure - - and it is not overturned on a motion to dissolve, I'm sure we will be over in Bankruptcy Court. Because you - - you just can't pull half a million dollars out of a company that has six or eight wells and expect them to be able to continue to do business.

> During the hearing on Greehey's motion to enforce, the trial court stated as follows:

> When your client comes in and tells me that he's in - - he's in questionable financial condition because he may have to file bankruptcy over putting these monies in the Registry of the Court, that sends up red flags all over the place for me as to whether or not he's entitled to the money, whether or not Greehey is entitled to the money. I want to see that the money is protected until a court makes a decision about who is entitled to it. That is my only reason.

Reveille's counsel attempted to explain the earlier remark about bankruptcy by stating that "[a]t any given time, a company's funds are going up and down. That's the way these companies operate."

Based on the trial court's statement, it appears the court ordered the money placed into the court's registry based on the attorney's remark about the potential effect such an order would

---

[2] In support of its application for writ of attachment, Greehey submitted the affidavit of Sidney Greehey. However, the affidavit was not offered into evidence. To the extent the trial court considered the affidavit, Mr. Greehey's contentions regarding Reveille's financial condition — which were similar to the contentions made by Greehey's attorney at the hearing — were based on "conversations between the parties," "knowledge" that Reveille has not paid some of its bills, "knowledge" that some of the parties financially backing Reveille "are about to reassert control over funds previously lent to" Reveille, and the "fact that [Reveille] has recently had to sell some of its interest in various wells to have operating capital." The affidavit does not indicate the factual basis of Mr. Greehey's "knowledge," and consists almost entirely of speculation and subjective beliefs about the state of Reveille's finances.

have on the company's operations. But other than conclusory remarks by the attorneys, no factual evidence was offered to support the contention that the funds are in danger of being lost or depleted. The record is devoid of evidence about (1) the balance of available cash, (2) the amount or source of Reveille's revenue and net income used to fund monthly operating expenses, (3) the cost of any ongoing drilling, (4) the extent, if any, to which available cash may be dwindling because of Reveille's operation of the wells, (5) the sale of assets, and (6) the disposition of proceeds from any sale of assets. *See N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that when record is devoid of evidence "that funds are actually in danger of being lost or depleted," trial court abuses its discretion by ordering funds into court's registry). Based on this record, we must agree with Reveille that the trial court erred in ordering any funds to be deposited into the court's registry.

Therefore, the writ is CONDITIONALLY GRANTED. TEX. R. APP. P. 52.8(c). The Honorable Janet Littlejohn is ORDERED to withdraw her (1) September 1, 2010 Order Directing Defendant to Place Funds Into the Registry of the Court And, If Necessary, Granting Writ of Attachment; (2) September 17, 2010 Order Granting Plaintiff's Motion to Enforce, to Strike Defendant's Motion, For Sanctions, and to Hold Defendant in Contempt; and (3) October 1, 2010 Order Granting Plaintiff's Motion for Sanctions and to Hold Defendant in Contempt. If the trial court does not do so within fourteen days of this order, we will issue the writ.

Sandee Bryan Marion, Justice