**DISMISS; and Opinion Filed November 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00489-CV

**JOHN O'BRIEN, Appellant**
**V.**
**CARA BAKER, AS THE EXECUTRIX OF THE ESTATE OF KENNETH BAKER,**
**Appellee**

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. PR14-10A**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

In this petition for writ of mandamus and interlocutory appeal, John O'Brien challenges

the trial court's April 7, 2015 order requiring he pay $4 million into the registry of the court. For

the reasons that follow, we conditionally grant the writ of mandamus and dismiss the

interlocutory appeal.

In 1993, O'Brien and Kenneth Baker founded Baker & O'Brien, an independent energy

consulting firm providing strategic consulting, industry advisory, and litigation support systems.

The following year, the firm and the two men entered into a written shareholders' agreement

which provided, among other things, that upon the death of either O'Brien and Baker, the

surviving founder would purchase the common shares held by the deceased cofounder's estate.

To "assure the availability of funds," the company purchased a life insurance policy on each

founding shareholder with the other founding shareholder named as beneficiary. O'Brien's and Baker's spouses acknowledged the terms of the shareholders' agreement, and each wife agreed to be bound by its terms.

In December 2013, Baker died of cancer. On December 20, Baker's widow Cara formally notified O'Brien of Baker's death and requested, among other things, a copy of the stock valuation. In response, O'Brien requested copies of Cara's letters testamentary and Baker's death certificate (the latter in order to present his claim for the life insurance proceeds) and sent a confidentiality agreement to be signed and returned before release of the stock valuation. On January 28, 2014, Cara filed an application to have Baker's will probated. Upon learning of the application, O'Brien scheduled a closing for the purchase of Baker's shares for February 14, 2014 and notified Cara. In anticipation of the closing, O'Brien provided Cara with the December 31, 2012 stock valuation figure which reflected a purchase price of $2,271,307.50 for Baker's shares. O'Brien again requested the confidentiality agreement be signed and said the complete valuation report would be provided once the signed confidentiality agreement was returned. Four days before closing, O'Brien learned that Baker's two daughters had filed a formal will contest and the closing could not proceed. Because the will contest did not involve O'Brien, he contacted Cara and suggested that they, along with Baker's daughters, sign an agreement that would authorize him to deposit the funds into the registry of the court in exchange for an instruction to Baker & O'Brien to cancel the shares of stock in Baker's name and reissue the same in O'Brien's name. O'Brien did not receive a response to his proposal. In March and April, O'Brien again communicated with Cara and expressed his desire to purchase the stock.

In April, O'Brien learned Cara had been issued letters testamentary. He wrote her, indicating he was prepared to purchase the stock and suggested a closing date of April 17. When

she did not appear for the closing, O'Brien sent a registered letter with a $2,271,307.50 check for the stock. Cara returned the check and sued for, among other things, a declaratory judgment that, under the terms of the shareholder agreement, she could sell Baker's shares to "any transferee" because O'Brien failed to purchase Baker's shares within the 60 days set out in the shareholder agreement. Cara also filed an unverified "Motion to Require Funds to be Deposited into the Registry of the Court." The motion alleged the proceeds of the life insurance policy constituted "an asset of the estate" and asked that the trial court order O'Brien to deposit the funds into the registry of the court to "ensure that the funds remain available to fund the buyout," although Cara did not cite any statutory authority for such action nor did she attach any evidence in support of the motion. At the hearing, no witnesses testified, and no evidence was admitted. On April 7, 2015, the trial court granted the motion and ordered O'Brien to "place the sum of $4,000,000.00 (four million dollars) into the registry of the Court by **May 1, 2015 at 5:00 p.m.**" The trial court did not state a legal basis for doing so.

O'Brien filed a notice of interlocutory appeal in the event the order was an injunction, along with a petition for writ of mandamus and a motion for emergency relief in the event it was an attachment or issued under the court's "inherent authority." We granted the motion for emergency relief and stayed the trial court's April 7 order pending further review. On the Court's own motion, we then consolidated the petition for writ of mandamus and the interlocutory appeal into cause number 05-15-00489-CV.

O'Brien contends the trial court erred by granting Cara's motion and ordering him to pay the insurance policy proceeds into the registry of the court. In his appellate brief, he claims the order should be dissolved because it failed to comply with applicable statutes and rules pertaining to temporary injunctions and Cara failed to show she was entitled to injunctive relief. In his petition for writ of mandamus, O'Brien argues the trial court abused its discretion because

Cara failed to establish the ownership of the funds was disputed and failed to present evidence that the proceeds were at risk of loss or depletion. O'Brien also contends he has no adequate remedy at law. In response, Cara claims the trial court had inherent authority to protect Baker's estate and that this Court "is without jurisdiction to consider" O'Brien's interlocutory appeal because the trial court's order "does not constitute a mandatory injunction or a writ of attachment."

Whether the order is an injunction, an attachment, or issued under its inherent authority, we review the trial court's decision under an abuse of discretion standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (interlocutory appeal available to determine whether trial court's decision to grant or deny temporary injunction was abuse of discretion); *In re Argyll Equities, LLC.*, 227 S.W.3d 268, 273 (Tex. App.—San Antonio 2007, orig. proceeding) (mandamus relief appropriate when trial court abuses its discretion by granting writ of attachment); *N. Cypress Med. Ctr. Operating Co. v. St. Laurent,* 296 S.W.3d 171, 178 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (mandamus available if trial court, acting through inherent authority, orders party to pay disputed funds into court's registry without evidence funds in danger of being "lost or depleted"). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding).

A temporary injunction is an extraordinary remedy. *Butnaru*, 84 S.W.3d at 204. To be entitled to a temporary injunction, the applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain

–4–

pecuniary standard." *Id*. The Texas Rules of Civil Procedure require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. *See* TEX. R. CIV. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *Qwest Commc'n Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000).

In her motion, Cara did not plead or attach proof of any of the three elements required to establish entitlement to a temporary injunction, nor did she request injunctive relief. *See* TEX. R. CIV. P. 682; *see Butnaru*, 84 S.W.3d at 204 (party must plead and prove right to injunctive relief); *Funes v. Villatoro*, 352 S.W.3d 200, 214 (Tex. App.—Houston [14th Dist.] 2011, pet denied) (trial court erred by granting injunctive relief because such "relief was neither requested nor proper"). Furthermore, the order did not meet the "traditional requirements" of a temporary injunction because it did not preserve the status quo, require a bond, set a trial date, require the clerk to issue a writ of injunction, or have a duration limited until final judgment or further order of the court. *See* TEX. R. CIV. P. 683, 684. While the supreme court has stated these missing features "do not necessarily control the classification of this order," the order in this case requires payment of the funds into the registry but does not otherwise place restrictions on O'Brien during the pendency of Cara's suit. *See Qwest*, 24 S.W.3d at 336. Under these circumstances, we conclude the order is not a temporary injunction. We dismiss O'Brien's interlocutory appeal for want of jurisdiction.

In his petition for writ of mandamus, O'Brien argues that the trial court abused its discretion because the order is not an attachment nor should it have been issued under the trial court's inherent authority. He also argues he has no adequate remedy at law.

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

A writ of attachment allows a plaintiff to secure a debt by seizure of property before or after judgment. *In re Argyll Equities, LLC*, 227 S.W.3d at 271. Because prejudgment attachment is a harsh, oppressive remedy, the statutes and rules governing this remedy must be strictly followed. *Carpenter v. Carpenter*, 476 S.W.2d 469, 470 (Tex. Civ. App.—Dallas 1972, no writ); *S.R.S. World Wheels v. Enlow*, 946 S.W.2d 574, 575 (Tex. App.—Fort Worth 1997, orig. proceeding). An application for a writ of attachment must be supported by the affidavit of a person having knowledge of relevant facts; the "application and any affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence." TEX. R. CIV. P. 592. A writ of attachment is available to a plaintiff in a suit if she files an appropriate affidavit and bond and proves: (1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for the purpose of injuring or harassing the defendant; (3) the plaintiff will probably lose her debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist under section 61.002 of the civil practices and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 61.001, .002, .022, & .023 (West 2008 & Supp. 2014).

Here, Cara did not establish the requirements to show she was entitled to an attachment nor did she file any affidavits in support of her motion. The trial court's order does not recite that O'Brien is indebted to Cara nor does it specify any of the other requirements set out in

sections 61.001 and 61.002. Under these circumstances, we conclude the order is not an attachment.

We now turn to the whether the trial court could have ordered the funds deposited into the registry under its inherent authority. A trial court can order disputed funds paid into the registry of the court if there is evidence the funds are in danger of being lost or depleted. *Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967) (orig. proceeding) (when disputed funds are in danger of being lost or depleted, court can order payment of disputed funds into registry until ownership is determined); *N. Cypress Med. Ctr. Operating Co.*, 296 S.W.3d at 178 (same). Thus, Cara was required to present evidence that (1) ownership of the insurance proceeds was disputed and (2) the funds were in danger of being lost or depleted. The record shows she presented no evidence of either. To the extent she relied on her allegations in the motion, her motion was not verified and no affidavits were attached. We conclude the trial court abused its discretion by ordering O'Brien to deposit the insurance proceeds into the registry of the court. *See In re Deponte Invs., Inc.*, No. 05-04-01781-CV, 2005 WL 248664, at *2 (Tex. App.—Dallas Feb. 3, 2005, orig. proceeding) (mem.op.) (absent evidence, trial court abused discretion by ordering funds paid into registry); *In re Reville Res. (Tex.), Inc.*, 347 S.W.3d 301, 304−05 (Tex. App.—San Antonio 2011, orig. proceeding) (when record devoid of evidence, trial court abuses its discretion by ordering funds into court's registry). We further conclude O'Brien has no adequate remedy at law. *See In re Deponte Invs., Inc.*, 2005 WL 248664, at *2 (citing *In re Prudential Ins Co. of Am.*, 148 S.W.3d at 135−40); *see also N. Cypress Med. Ctr. Operating Co.*, 296 S.W.3d at 179−80 (relator, deprived of use of money without opponent showing either liability or intent to hide assets from possible judgment has no adequate remedy by appeal).

We conditionally grant the writ of mandamus. We order the trial court to vacate its order of April 7, 2015 directing O'Brien to place $4 million into the registry of the court. The trial

court is ordered to file a certified copy of its order in the compliance with this opinion with this Court within thirty days of the date of this opinion. Should the trial court fail to comply, the writ will issue.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

150489F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN O'BRIEN, Appellant

No. 05-15-00489-CV          V.

CARA BAKER, AS THE EXECUTRIX OF
THE ESTATE OF KENNETH BAKER,
Appellee

On Appeal from the County Court at Law,
Rockwall County, Texas
Trial Court Cause No. PR14-10A.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, we **DISMISS** this interlocutory appeal for want of jurisdiction.

Judgment entered this 9th day of November, 2015.