ACCEPTED
04-16-00550-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/31/2016 10:28:19 AM
KEITH HOTTLE
CLERK

No. 04-16-00550-CV

IN THE

FOURTH COURT OF APPEALS

at SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/31/2016 10:28:19 AM
KEITH E. HOTTLE
Clerk

_____

IN RE: TODD A. PRINS

_____

Original Proceeding from the Probate Court No. 1, Bexar County, Texas, the Honorable Kelly M. Cross Presiding

Cause No. 2015-PC-2377; Estate of Jose Oleszcovski Wasserteil, Deceased.

REAL PARTY IN INTEREST, THE ESTATE OF JOSE OLESZCOVSKI WASSERTEIL, DECEASED RESPONSE TO DEFENDANT TODD A. PRINS' PETITION FOR WRIT OF MANDAMUS

ORAL ARGUMENT REQUESTED

Submitted by:

FLUME LAW FIRM, LLP
1020 N.E. Loop 410, Suite 200
San Antonio, Texas 78209
(210) 828-5641
(210) 821-6069 Facsimile

MICHAEL FLUME
State Bar No. 07188480
mflume@flumelaw.net
GUILLERMO S. DEKAT
State Bar No. 24069599
gdekat@flumelaw.net

ATTORNEYS FOR REAL PARTY IN INTEREST, THE ESTATE OF JOSE OLESZCOVSKI WASSERTEIL, DECEASED

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................… i

INDEX OF AUTHORITIES.........................................................…. ii

STATEMENT OF THE CASE.......................................................… 1

ISSUES PRESENTED..................................................................… 3

    1.      Did the Trial Court abuse its discretion in issuing an Order Granting Motion to Place Funds Into the Registry of the Court?

    2.      Is an Emergency Stay necessary to maintain the status quo of the parties?

STATEMENT OF FACTS……………………………………………… 3

ARGUMENT…………………………………………………………… 6

    1.      The Trial Court did not abuse its discretion issuing an Order Granting Motion to Place Funds Into the Registry of the Court because evidence was presented that the funds were in danger of being lost or depleted………………………………………….. 6

    2.      Prins' Motion For Emergency Stay is not necessary to maintain the status quo pending the outcome of litigation……………...... 7

CONCLUSION ...................................................................................... 9

PRAYER .............................................................................................. 9

CERTIFICATE OF SERVICE ........................................................ 12

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Liang Zhao v. XO Energy, LLC,* NO. 01-15-00937-CV 2016, Tex. App. LEXIS 4757 at \*25 (Tex. App.—Houston [1st Dist.] May 5, 2016, pet. dism'd).. 6

*In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding)…………………………………………………………………7

## <u>STATUTES</u>

TEX. CIV. PRAC. & REM. CODE ANN. Section 61.0016…………………………6

## INTRODUCTION

For clarity, Relator is referred to as Prins and includes Prins Law Firm, which is an assumed name/DBA of Todd A. Prins; Respondent, the Honorable Kelly M. Cross is sometimes referred to as the Trial Court or Judge Cross; and the Real Party in Interest is referred to as the Estate.

## STATEMENT OF THE CASE

*Nature of the case.* The Estate sued Prins on May 25, 2016 in the 288th District Court of Bexar County in Cause No. 2016-CI-08932, claiming breach of contract, breach of fiduciary duty, conversion, punitive damages and attorney's fees arising out of a Release of Escrow Funds Agreement that Prins entered into with the Estate and a $360,902.26 check issued to the Estate by Prins which was subsequently returned NSF (Nonsufficient Funds) (the "Lawsuit") (APP 3). Prins filed an Original Answer (APP 7).

*Course of proceedings.* The Lawsuit was transferred and consolidated into Cause No. 2015-PC-2377 in Probate Court No.1, Bexar County, Texas by an order signed on July 1, 2016 by Judge Cross. The Estate filed a Motion to Place Funds Into the Registry of the Court on July 18, 2016 (the "Estate's Motion") (APP 4). A hearing was scheduled on the Estate's Motion for August 17, 2016. On August 16, 2016, Prins communicated through his attorney to the Estate that he would agree to place funds into the Court's registry, subject to certain "tax language" in the

Agreed Order that was to be presented to the Court in connection with the Estate's Motion. A hearing to enter the Agreed Order was subsequently scheduled on August 25, 2016. On August 25, 2016, Prins, through his attorney, sent the Estate his reply to the Estate's Motion, and his supplemental response was subsequently filed a few hours before the hearing to enter a supposed Agreed Order.

*Trial court disposition.* Instead of a hearing to enter an Agreed Order on August 25, 2016, a hearing regarding the Estate's Motion was held before Judge Cross. Judge Cross granted the Estate's Motion (APP 1). This case has not been to trial and is before this Court as an original proceeding under Texas Government Code §22.221(b).

## ISSUES PRESENTED FOR REVIEW

**Issue 1: Did the Trial Court abuse its discretion in issuing an Order Granting Motion to Place Funds Into the Registry of the Court?**

**Issue 2: Is an Emergency Stay necessary to maintain the status quo of the parties?**

## STATEMENT OF FACTS

Jose Oleszcovski Wasserteil (the "Decedent") died on June 7, 2013 in San Luis Potosi, Mexico. The Decedent was a Mexican citizen at the time of his death. Prior to his death, Prins was the attorney for Decedent and represented him personally for approximately ten (10) years. Prins also represented numerous entities in which both Prins and the Decedent were business partners in located in the United States.

Decedent's Will was admitted to probate and otherwise established Decedent's domiciliary on October 24, 2013 in the Country of Mexico. An application for Ancillary Letters of Testamentary was subsequently filed in the Probate Case (the "Ancillary Probate"), and Ancillary Letters of Testamentary were issued in an Order dated July 25, 2015 which appointed Marco Antonio Reyner Portes Gil ("Reyner") as Independent Executor of the Estate (APP 3, APP 4).

At the time of his death, Decedent owned a limited partnership interest in Sun Belt Investment Partners, I, LP ("Sun Belt"). Subsequent to the death of

3

Decedent, Sun Belt made a distribution to its limited partners. The amount distributed by Sunbelt attributable to Decedent's interest was $366,244.26 (the "Distribution") (APP 3, APP 4).

Since the Ancillary Probate had not been established at the time of the Distribution, the amount to be paid to Decedent was deposited into a Cadence Bank account held by a company that Decedent owned a membership interest in called Stone Oak Park Delaware, LLC ("Stone Oak"). From Stone Oak, a majority of the money from the Distribution was wired into the Prins Law Firm IOLTA Trust Account ("Prins Law Firm Trust Account"). During this time it was not made known that Prins claimed an interest in the money. The amount transferred into the Prins Law Firm Trust Account was $360,902.26 (the "Escrow Amount") (APP 3, APP 4).

On February 23, 2016, Counsel for the Estate, Michael Flume ("Flume"), on behalf of the Estate, demanded the Escrow Amount from Prins. On the very same day, Prins thanked Flume for reaching out and offered to put together a release of escrow agent agreement (APP 3, APP 4).

On March 3, 2016, Prins sent a proposed Release, Indemnity and Settlement Agreement to Flume and subsequent revisions and changes were exchanged between the parties through May 13, 2016. At no time was there

4

language in any of the draft escrow release agreements that the Escrow Amount could potentially be due and owing to Prins, nor did Prins ever allege during this time that he was entitled to any of the Escrow Amount. A Release of Escrow Funds Agreement, drafted by Prins, was subsequently executed between the Estate and Prins.

On Sunday, May 15, 2016, after numerous attempts were made to obtain the Escrow amount from Prins, Prins met with Flume and delivered a check made payable to the Flume Law Firm, LLP Trust Account drawn on a Prins Law Firm Compass Bank checking account in the amount of $360,902.26 (the "Prins Check") (APP 3, APP 4). On Monday, May 16, 2016, the Prins Check was deposited in the Flume Law Firm, LLP Trust Account (APP 3, APP 4). The Prins check was returned NSF on May 18, 2016 (the "NSF Check") (APP 3, APP 4). Flume was notified by Chase bank on May 19, 2016 of the NSF Check (APP 3).

On May 19, 2016, Prins was contacted about the NSF Check and Prins claimed that an error occurred and he would wire the money to the Flume Law Firm, LLP Trust Account (APP 3, APP 4). Although wire instructions were sent to Prins, the Escrow Amount has not been received by Reyner, the Estate or the Flume Law Firm. No rescission of the Release of Escrow Funds Agreement was

received by the Estate, and the first time the Estate was made aware of Prins' desire to keep the money for himself was in his Original Answer.

## **Argument & Authorities**

**Issue 1: The Trial Court did not abuse its discretion in issuing an Order Granting Motion to Place Funds Into the Registry of the Court because evidence was presented that the funds were in danger of being lost or depleted.**

The Trial Court's Order is not a Writ of Attachment in accordance with Tex. Civ. Prac. Rem. Code Section 61.001. A Trial Court may, in exercise of its inherent authority 'order a party to pay disputed funds into the court's registry if there is evidence the funds are in danger of being 'lost or depleted.' *Liang Zhao v. XO Energy, LLC*, Tex. App. LEXIS 4757 at *25 (citing In re: Reveille Resources (Texas), Inc., 347 S.W.3d 301, 304 (Tex. App.—San Antonio 2011, orig. proceeding) (citing *Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967)).

There was sufficient evidence presented at the hearing for the Trial Court to grant the Estate's Motion. The Estate's Motion contained a copy of the Release of Escrow Funds Agreement, which was also, independently, placed into evidence at the hearing. (APP 2, page 11). The Estate's Motion also contained a redacted copy of the NSF Check that was drafted by Prins and delivered to Flume. An un-redacted copy of the NSF Check was placed into evidence at the hearing (APP 2, page 11). Additionally, E-mail communications, between Prins and Flume, that

6

occurred after the receipt of NSF Check by the Estate's Attorney in which Prins stated he would wire the money was also placed into evidence at the hearing (APP 2, page 11). Flume, as a witness and an officer of the court also testified to the Court regarding his dealings with Prins. (APP 2, pages 3-6). The Trial Court also examined Prins under oath.

Prins asserts that the Estate's Motion contained no evidence, and no evidence was presented at the hearing of the Estate's Motion that the funds were in danger of being lost or depleted. The Estate disagrees. A check representing escrowed funds, being held by Prins, a licensed attorney, which was returned for nonsufficient funds, e-mails evidencing an unexecuted wire transfer from Prins after Prins had agreed to disperse the funds is sufficient evidence that the funds in question are in danger of being lost or depleted or perhaps have already been lost or depleted. Furthermore, given the serious nature of this matter involving an officer of the court, a polite comment by the Trial Court at the end of a hearing does not make the evidence it considered disappear.

**Issue 2: An Emergency Stay is not necessary to maintain the status quo of the parties?**

Prins believes that emergency stay is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the original proceeding. *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding). Nothing could be further from the truth or reality. Prins

7

accepted the money in trust for the Estate (APP 2, page 8). Prins executed a Release of Escrow Funds Agreement to the Estate (APP 2, page 11). Prins has not honored the Release of Escrow Funds Agreement with the Estate. The Estate, upon learning of Prins' issues, through his Original Answer, desired that the Escrow Amount be placed in the Court's Registry while Prins' issues were investigated. Prins' issues with the Estate are still unclear. What is clear is that Prins has issues with the companies that he represented and that he and the Decedent were partners in. The issues Prins is bringing forth are with the companies and not with the Estate.

Prins claims in his Motion for Emergency Relief that the Estate owes a substantial amount of taxes to the United States Government. It is unknown how Prins knows this, as the Estate, itself, does not know what taxes are owed at this time. Darin Digby's opinion in the affidavit attached to Prins' Motion for Emergency Relief appears to rely on the existence of a current IRS tax lien on the Estate. Mr. Digby based his affidavit on his understanding of the facts, which are in error. There is no current IRS tax lien on the assets of the Estate, nor has there ever been an IRS tax lien on the assets of the Estate. Prins' unsupported speculation into the tax situation of an Estate that he does not legally represent should not be taken seriously. The Court's Registry is the ultimate safe place for the funds in order to maintain the status quo of the parties.

8

## CONCLUSION

Based on the forgoing, there was sufficient evidence before the Trial Court that the funds in question are in danger of being lost or depleted. Furthermore, an Emergency Stay is clearly not necessary to maintain the status quo of the parties as the Court's Registry would sufficiently protect the funds. Based on the foregoing, the Trial Court did not abuse its discretion by granting the Estate's Motion to Place Funds Into The Registry of the Court and the Emergency Stay is not necessary to maintain the status quo of the parties.

## PRAYER

For the reasons stated above, Real Party in Interest, the Estate of Jose Oleszcovski Wasserteil, Deceased respectfully prays that this Court DENY the Relator's Petition for Writ of Mandamus, DENY Relator's Motion For Emergency Relief, and grant any such other relief, general or special, legal or equitable, to which Real Party in Interest, the Estate of Jose Oleszcovski Wasserteil, Deceased may be justly entitled.

9

Respectfully submitted,

FLUME LAW FIRM, LLP
1020 N. E. Loop 410, Suite 200
San Antonio, Texas 78209
(210) 828-5641
(210) 821-6069 Facsimile


*/S/ Michael Flume*

_____
MICHAEL FLUME
State Bar No. 07188480
mflume@flumelaw.net
GUILLERMO S. DEKAT
State Bar No. 24069599
gdekat@flumelaw.net

ATTORNEYS FOR REAL PARTY IN
INTEREST, THE ESTATE OF JOSE
OLESZCOVSKI WASSERTEIL,
DECEASED

## CERTIFICATION

I, Michael Flume, have reviewed this Reply and hereby certify that every factual statement in this Reply is supported by competent evidence included in the appendix or record.

/S/ *Michael Flume*

_____

MICHAEL FLUME

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1,621 words, as determined by the computer software's word count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/S/ *Michael Flume*

_____

MICHAEL FLUME

11

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been sent to the following on this 31st day of August, 2016 in accordance with the Texas Rules of Appellate Procedure:

**E-Service**
Travis M. Parks
PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
Telephone: (210) 820-0833
Facsimile: (210) 820-0929
**tmparks@prinslaw.com**
**Counsel for Relator**

**Fax: (210) 335-3998**
The Honorable Kelly M. Cross
Probate Court #1
100 Dolorosa, 1st Floor, Room 123
San Antonio, Texas 78205
(210)335-3998 fax
**Respondent/Trial Court Judge**

**E-Service**
Glenn J. Deadman
GLENN J. DEADMAN, P.C
509 South Main Avenue
San Antonio, TX 78204
(210) 472-3900
(210) 472-3901 Facsimile
gjdeadman@aol.com
**Trial Counsel for Relator**

/S/ *Michael Flume*

_____
MICHAEL FLUME