In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-26-00217-CV

_____

IN RE MANDY JO COOK

_____

Original Proceeding
411th District Court of San Jacinto County, Texas
Trial Cause No. DV14,828
_____

MEMORANDUM OPINION

In a petition for a writ of mandamus, Relator Mandy Jo Cook contends the trial court abused its discretion by signing a judgment nunc pro tunc that corrected what she argues are judicial rather than clerical errors in the decree of divorce after the trial court's plenary power expired. We conclude the dispute can be addressed in the appeal Cook perfected from the judgment nunc pro tunc. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief.

1

The trial court signed a Final Decree of Divorce and Order for Conservatorship and Child Support on December 4, 2025. On January 22, 2026, Real Party in Interest John William Cook III filed a Motion for Judgment Nunc Pro Tunc. In his motion, John Cook alleged "there were multiple proposed decrees filed by counsel for both parties and the wrong decree was signed by the Court."

The trial court held a hearing on April 16, 2026.[1] At the conclusion of the hearing, the trial court signed an Order Granting Judgment Nunc Pro Tunc and a substituted Final Decree of Divorce and Order for Conservatorship and Child Support.[2]

---

[1]Relator did not include a transcript of the hearing in the mandamus record. *See* Tex. R. App. P. 52.7(a)(2).

[2]Relator identifies the following alterations of the December 4 Decree in the April 16 substituted Decree: (1) the debt section is rewritten to add specific dollar amounts (totaling $48,288.35) to six credit cards that had no amounts in the December 4 Decree, with one card substituted and to add two entirely new community loans — 401(k) loan of $12,510.94 and a CUTX Loan No. 73L0001 of $15,546.67 — adding $28,057.61 in new community debts; (2) the 50/50 split of mortgage payments, taxes, HOA fees, and insurance for one residence is changed to require Relator to pay 100% of the mortgage, interest, insurance, and taxes, with the Real Party in Interest paying only 50% of principal; (3) an undocumented mortgage due to Respondent's parents is inserted into the proceeds-distribution clause for a second residence; (4) a new sanctions section grants a motion for sanctions, finds that Relator is in contempt of court, and imposes a $1,000 attorney's-fee award payable from Relator's share of the sale proceeds for the first residence; (5) Relator's animals award divests Relator of two cats; (6) two protective debt provisions ("Secured Debt Not Specifically Assumed" and "Unsecured Debt Not Specifically

2

On May 7, 2026, Relator perfected an appeal from the judgment nunc pro tunc.[3] *See* Tex. R. Civ. P. 329b(h). In her mandamus petition, Relator complains that the trial court has not acted on a Motion to Vacate Void Order that she filed on May 18, 2026, after she perfected her appeal. *See id.* 329b(f).

After Relator perfected her appeal, John Cook filed a Petition for Enforcement of Division of Property by Contempt pursuant to Chapter 9 of the Texas Family Code. *See* Tex. Fam. Code Ann. §§ 9.001-.014. Relator contends mandamus relief is required because the Petition for Enforcement of Division of Property by Contempt will proceed while her appeal is pending.

In her mandamus petition, Cook contends "the void Decree is being treated as operative by a title company preparing a June 23, 2026 closing, and is being actively enforced through a contempt petition seeking Relator's jailing, a $30,000 judgment, and a receiver." Cook states:

---

Assumed") are deleted; (7) the summer-weekend "Location of Pickup and Return" provision is changed from a fixed location at the Real Party in Interest's residence to a location the Real Party in Interest may designate on fifteen days' written notice; and (8) the December 4 Decree's injunction that "no unrelated adult will be at home between the hours of 9pm and 6am" is deleted, and the injunction concerning John William Cook IV is altered from "will not be allowed within 200 ft of the children" to "will not be allowed unsupervised within 200 ft of the children."

[3]The appellate clerk docketed Appeal Number 09-26-00207-CV, *Mandy Jo Cook v. John William Cook III*.

Relator does not seek to halt the [residence] closing; she seeks to ensure it proceeds, if at all, under the valid December 4 Decree rather than the void April 16 Decree. Only this Court's intervention can prevent the void orders from being given irreversible effect at closing and from serving as the predicate for a contempt-based deprivation of Relator's liberty.

According to Cook, the parties agree the closing of the sale of the residence should proceed on June 23 as scheduled, but dispute whether the proceeds from the sale should be distributed under the terms of the challenged April 16 substituted Final Decree or under the terms of the December 4 Final Decree of Divorce and Order for Conservatorship and Child Support.

Cook, however, has not asked the trial court to order the disputed portion of the proceeds of the sale to be deposited into the registry of the court until the dispute over which decree controls their distribution is resolved in the appeal. *See Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex. 1967) (Where the ownership of funds that are the subject of litigation between the parties is in dispute, and the fund is in danger of being lost or depleted, the trial court may order the parties to deposit the funds into the registry of the court until the ownership dispute is finally decided.).

"The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)). Under the circumstances presented in the mandamus record,

the benefits of mandamus review are outweighed by the detriments. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on June 17, 2026
Opinion Delivered June 18, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.